CARPENTER, FOSTER, PHELPS, AND PARDEE, JS.

---

AGNES MURRAY *vs.* NEHEMIAH JENNINGS.

The plaintiff exchanged with the defendant a yoke of oxen for a horse, the de-- fendant fraudulently representing the horse as sound when it was not so. The plaintiff was guilty of no fraud, and would not have made the exchange but for the defendant's representations. The oxen at the time were worth $100; the horse was worth $125, and if sound would have been worth $225. In a suit brought for the fraud it was held that the plaintiff was entitled to recover the difference between the actual value of the horse and its value if sound, and that the question was not affected by the fact that its value as unsound was greater than that of the oxen.

TRESPASS ON THE CASE for fraud in the exchange of a horse by the defendant for a yoke of oxen; brought to the Court of Common Pleas of Fairfield County and tried to the court, on

VOL. XLII.—2

the general issue, before *DeForest, J.*  The court found the
following facts :

On the 15th of March, 1874, the plaintiff owned the pair
of oxen in the declaration mentioned, which she had bought
five years before for $190, and which she valued at $200,
which were worth, as beef cattle, only $100.  At the same
time the defendant owned the horse in the declaration men-
tioned, and on that day proposed to the plaintiff that she
should exchange the oxen for the horse, she having a few
days before offered to sell him the oxen for $200.  He was
unwilling to pay this sum in cash for the oxen, but proposed
to exchange his horse for them without paying or receiving
any difference.  In answer to her inquiries he then assured
her that the horse was perfectly sound in every respect, so far
as he knew, except a small bunch on one of the fore-legs,
which the plaintiff saw.  The horse was not at that time
sound with that exception, but was and for many years had
,been foundered and unsound, and liable at any time to be-
,come very lame and unfit for use; which unsoundness was well
,known to the defendant.

The defendant made the representations to her fraudulently
and for the purpose of inducing her to part with the oxen in
exchange for the horse, and the plaintiff relying upon the
representations and believing them to be true, did then barter
the oxen to the defendant and take in exchange for them the
horse and no other consideration whatever, and she would
not have made the exchange unless she had believed, from the
representations so made to her by the defendant, that the
horse was perfectly sound, with the exception of the small
bunch on its leg beforementioned.

The bunch was no considerable detriment to the horse, and
injured it in no way except slightly in appearance, and if the
horse had been sound with that exception, as represented by
the defendant, it would have been worth at the time of the
·exchange, $225, but on account of such other unsoundness it
was actually worth at that time only $125.  There was no
fraud of any kind on the part of the plaintiff in the transac-
.tion.  The oxen were immediately after butchered by the

defendant. The plaintiff did not return the horse to the defendant on discovering the unsoundness, but it is now in her possession.

Upon the foregoing facts the defendant claimed, as matter of law, that the plaintiff was not entitled to recover, inasmuch as the oxen, which were procured by the defendant for beef, were really not worth to him so much as the horse was really worth to the plaintiff, and that therefore there was no damage to the plaintiff; but the court decided against this claim, and held that the measure of damages should be the difference between the actual value of the horse at the time of the exchange and what the horse would have been worth at that time if it had been sound as represented by the defendant; and therefore rendered judgment for the plaintiff to recover $100 and costs.

The defendant moved for a new trial for error in this ruling of the court.

*Thompson*, in support of the motion.

Unless both fraud and damage concur an action will not lie. 1 Swift's Dig., 554. Here is fraud, but no damage. Instead of loss, the plaintiff made $25 by the barter. The judgment for $100 is not given as exemplary damages, and compensatory damages are "a recompense for the injury actually received." Bouvier's Law Dic., *Damages;* Sedgw. on Dam., 30, 114. "No good reason consistently with moral principle can be suggested, why greater damages should ever be recovered than in truth have been sustained," except in cases of vindictive damages. *Baldwin* v. *Porter*, 12 Conn., 484. The rule adopted by the court below may apply to sales when there is a fixed price; but it does not to barters, where there is no fixed price, and the court finds the value of the articles exchanged. Bouvier's Law Dic., *Barter;* Hanover's Law of Horses, 1; Sedgw. on Dam., 203, notes 1 and 3: If the plaintiff had returned the horse she could recover but $100. Can she keep it and recover the same? As a sale of her oxen for beef, she has been fully paid. As a trade she has sustained no loss. The true rule is where there is no

return, that the damages must be the difference between the chattels exchanged. Hanover's Law of Horses, 191; Oliphant's Law of Horses, 119; *Caswell* v. *Coare*, 1 Taunt., 566.

*Sturges*, contra.

The only question upon this motion is, did the court adopt the proper rule of damages. The damage which the plaintiff sustained is measured by that which she has been deprived of by the fraud of the defendant. If the fraud had not been committed she would have had a horse worth $225. It is immaterial how much the oxen were worth. The defendant saw them, believed it to be to his advantage to exchange his horse for them, and for aught that appears they were actually worth all that he valued them at when he made the exchange. "It is now well settled that the rule is the difference between the actual value, and the value that the article would have possessed if it had conformed to the warranty, the price paid being mere evidence of that value." Sedgw. on Dam., 303, 304. *Reggio* v. *Braggiotti*, 7 Cush., 169; *Tuttle* v. *Brown*, 4 Gray, 460; *Clare* v. *Maynard*, 7 Car. & P., 741; *Cary* v. *Gruman*, 4 Hill, 625; 2 Parsons Cont., 486. The rule is the same in all actions for deceit in sales. Sedgw. on Dam., 462; *Stiles* v. *White*, 11 Met., 356; *Muller* v. *Eno*, 14 N. York, 597; *Brown* v. *Bigelow*, 10 Allen, 242; *West* v. *Anderson*, 9 Conn., 107; 1 Smith Lead. Cas., (H. & W. notes, 6th ed.,) 343.

PHELPS, J. The plaintiff owned a pair of oxen, and the defendant a horse, which they exchanged. The horse was unsound, and known to be so by the defendant, who fraudulently represented it to be otherwise. The oxen were worth $100, and the horse with its unsoundness $125, and if sound, as represented by the defendant, would have been worth $225. The plaintiff with no fraud or fault on her part relied on the truth of the statement made to her by the defendant, and without that would not have made the exchange. The Court of Common Pleas rendered judgment for the plaintiff for the difference between the actual value of the horse and what it

would have been worth if in the condition represented by the defendant, and the defendant moves for a new trial for the alleged reason that the plaintiff had suffered no injury by the exchange of property with the defendant and therefore was entitled to no damage.

We concede to the defendant the established principle that the plaintiff must have sustained some injury, and that both fraud and damage must have concurred, to establish legal liability. In one sense the plaintiff would seem to have suffered no damage, but the law gives her the benefit of the contract, and places her with respect to it and to all her rights under it in the same position as if no fraud had been practiced upon her, and as if the horse was as sound and valuable as she had a right from the defendant's representations to her to believe it was. In that view of the case she was injured to the extent for which the judgment was given. We are satisfied the court below adopted the correct rule, and a new trial is not advised.

In this opinion the other judges concurred.