HENRIETTA ALLEN *vs.* EPHRAIM TRUESDELL.

Franklin. September 20, 1882; May 3. — 4, 1883.

If a person buys a horse, in reliance upon false representations by the seller that the horse is safe and not afraid of the cars, and is injured by reason of the horse being frightened by the cars, and running, he may maintain an action against the seller for such injuries; and the facts that the accident did not occur until five weeks after the sale, during which time the horse had been driven safely on several occasions, and that the horse, after being frightened, ran three fourths of a mile, and then turned from the highway towards a place where it had been accustomed to stand, and in so doing overturned the vehicle in which the buyer was riding, are not, as matter of law, conclusive that the vice of the horse did not cause the injury, but are for the jury.

TORT for deceit in the sale of a horse. Answer, a general denial. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff offered to show that the defendant, in August 1880, sold and delivered to her a horse for her own personal use, which he represented and warranted was perfectly safe for a woman to drive on any occasion, and was not afraid of the cars; that the plaintiff was induced by these representations and warranty to buy the horse; that the representations were false, and were known to the defendant to be false; that the plaintiff, after such purchase, kept the horse at her barn, except when the same was in use; that she drove the horse a distance of six or seven miles and back again without any trouble; that her husband drove the horse on several occasions without any trouble; that, about five weeks after the purchase, the plaintiff drove the horse a distance of seven or eight miles, and, on her

way home, while on a highway near the track of a railroad, and using due care, the horse was frightened by a passing train, and ran; and that the plaintiff, although using due care, was unable to stop it, but kept it in the highway for three fourths of a mile or more, when suddenly, against the will and efforts of the plaintiff, the horse turned out of the travelled part of the highway into a private way towards a shed, where it had been accustomed to be hitched by the defendant, overturning the vehicle in which the plaintiff was riding, whereby she was thrown out and received the injuries complained of.

At the request of the defendant, the judge ruled that the facts offered to be proved would not entitle the plaintiff to recover for the personal injury alleged, and directed the jury to return a verdict for the defendant.

If, upon the facts and evidence offered, the plaintiff was entitled to recover, a new trial was to be ordered; otherwise, judgment to be entered on the verdict.

The case was argued at the bar in September 1882, and was afterwards submitted on briefs to all the judges.

*M. E. Couch*, for the plaintiff.

*S. T. Field*, (*S. O. Lamb* with him,) for the defendant.

W. ALLEN, J. This action is brought to recover damages, not because a horse was not in value as was warranted or represented, but for personal injuries sustained from an unsafe horse, which the plaintiff was induced to use, in the belief that it was safe, by the false and fraudulent representations of the defendant. The offer by the plaintiff was not only to prove a representation that the horse was safe, but that it was "not afraid of the cars." These words are not necessarily to be construed as a warranty or representation of what the conduct of the horse would be in the future, rather than the assertion of a fact in regard to the habits or training of the horse; and the whole offer by the plaintiff was in effect to prove that the representations alleged were made by the defendant, and were made falsely and fraudulently; that the plaintiff was induced by them to use the horse in the manner she did, and that they were made in view of such use; that the fright and running of the horse were occasioned by a vice or habit which the defendant, by such representations, had affirmed that it was not subject to; and that

the plaintiff was injured in consequence of the fright and running of the horse. If these propositions were all proved, the plaintiff would be entitled to a verdict. *Langridge* v. *Levy*, 2 M. & W. 519; *S. C.* 4 M. & W. 337. *Smith* v. *Green*, 1 C. P. D. 92. *Sharon* v. *Mosher*, 17 Barb. 518. It cannot be said, as matter of law, that the lapse of time, and the plaintiff's acquaintance with the disposition and habits of the horse acquired after the representations were made, show that she was not induced by them to drive the horse; nor that the distance which the horse ran, and the fact that it turned from the highway toward a place where it had been accustomed to stand, and, in so doing, overturned the vehicle and injured the plaintiff, show conclusively that the fright or vice of the horse was not the cause of the plaintiff's injury. These were questions to be submitted to the jury, under instructions by the court. *New trial ordered.*