BENJAMIN P. PEAK & another *vs.* EDWARD E. FROST.

Worcester.    October 1, 1894. — October 19, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*False Representations — Damages — Expense of Keeping Horse — Reasonable Time — Allegations of Declaration.*

In an action to recover damages for the sale of a stallion by means of the false representations of the defendant of the value of the stallion as a breeding horse, the plaintiff can recover, in addition to the difference in value, the expense of keeping the stallion a reasonable time to test him.

In an action to recover damages for the sale of a stallion by means of the false representations of the defendant of the value of the stallion as a breeding horse, allegations in the declaration that the plaintiff did expend large sums in the care and maintenance of the stallion until he could test him as a breeder, and did so attempt to test him, and did thereby incur liabilities and expend large sums, are sufficient to include the expense of keeping the stallion.

TORT, to recover damages for the sale of a stallion by means of the alleged false representations of the defendant. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, which sufficiently appear in the opinion.

*W. S. B. Hopkins & F. B. Smith*, for the defendant.

*R. Hoar*, for the plaintiffs.

MORTON, J.    There was evidence tending to show that the stallion was bought by the plaintiffs as a breeding horse, and that they were induced to purchase him by certain false representations made to them by the defendant respecting his fitness for that purpose. The plaintiffs had a verdict, and the only question now is, whether, in addition to the difference in value, they can recover the expense of keeping the horse a reasonable time to test him. The presiding justice ruled that they could, and we think that the ruling was right.

The horse was bought by the plaintiffs for a specific purpose known to the defendant, and he is liable to the plaintiffs for all the damages resulting naturally and directly to them from its unfitness for that purpose, or for such as may reasonably be presumed to have been within the contemplation of the parties

when the contract was entered into as a probable result of the defendant's misrepresentations. *White* v. *Moseley*, 8 Pick. 356. *Bartlett* v. *Blanchard*, 13 Gray, 429. *Bradley* v. *Rea*, 14 Allen, 20. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64. *Johnson* v. *Holyoke*, 105 Mass. 80. *Allen* v. *Truesdell*, 135 Mass. 75. *Whitehead & Atherton Machine Co.* v. *Ryder*, 139 Mass. 366, 370, 371. *Grindle* v. *Eastern Express Co.* 67 Maine, 317. *Thoms* v. *Dingley*, 70 Maine, 100. *Passinger* v. *Thorburn*, 34 N. Y. 634. *Beeman* v. *Banta*, 118 N. Y. 538. *Fisk* v. *Tank*, 12 Wis. 276. *Mullett* v. *Mason*, L. R. 1 C. P. 559. *Smith* v. *Green*, 1 C. P. D. 92. *Randall* v. *Newson*, 2 Q. B. D. 102. *Cory* v. *Thames Ironworks & Shipbuilding Co.* L. R. 3 Q. B. 181. The defendant must be held to have contemplated, as a direct result of the sale, the keeping of the horse by the plaintiffs for a sufficient length of time to afford a reasonable test of his capacity, and if he turned out to be unfit for the purpose for which he was bought, the expense of so keeping him would be a loss consequent upon and naturally resulting from the defendant's conduct. What under all the circumstances would be a reasonable time was a question for the jury, upon which it is to be assumed that suitable instructions were given to them.

The allegations in the declaration were sufficient to include the expense of keeping.* Indeed, we do not understand the defendant to contend now that they were not.

*Exceptions overruled.*

---

* The declaration contained two counts, in the first of which it was alleged that the " plaintiffs did expend large sums in the care and maintenance of said stallion until they could use and test him as aforesaid as a breeder, and did attempt to use him as a breeder as aforesaid, and did thereby incur and expend large liabilities and sums." In the second count it was alleged that the plaintiffs " did expend large sums of money in his care and maintenance, and did incur large liabilities arising out of their belief that he was of such value as a breeder, and did attempt to use him as such."