Dwyer *v.* Redmond.

---

## PHILIP R. DWYER *vs.* JOHN REDMOND.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A verdict whose effect is entirely intelligible as stated in its body, is not rendered inconsistent, repugnant or inefficacious by an error in its caption or title.

In an action to recover an alleged balance of the purchase price of an auto truck, the defendant admitted in his answer the allegations of the complaint, except as to the amount of the purchase price, which he averred was $100 less than that stated by the plaintiff; and also pleaded a counterclaim for false representations of the plaintiff respecting the truck, which induced its purchase. *Held* that under these circumstances it was possible for the jury to find, as it did, a verdict for the plaintiff upon the complaint and for the defendant upon the counterclaim, since there were, in effect, two separate, independent actions, which could have been brought and tried as such; and that inasmuch as fraud only rendered the contract voidable and not void, it was open to the defendant to affirm the contract in the one case and to repudiate it in the other, where both arose out of the same transaction but involved distinct issues.

In such a situation it is within the discretion of the trial court, under the rule (Pr. Bk., p. 262, § 89), to allow the defendant to open and close the argument to the jury, the issues upon his counterclaim being important and controlling.

The defendant was allowed to testify that notwithstanding all his efforts to get the truck in running order he had been unable to get any work out of it. *Held* that there was no error in this, since he was not giving an opinion but merely stating a fact.

Dwyer *v*. Redmond.

While testifying as to the items of his claim for damages, the defendant was allowed to refer to certain bills paid by him for repairs upon the truck, giving their amount and in some cases the substance of the bill. *Held* that inasmuch as these expenditures were claimed to have been made in a reasonable effort to put the car in running condition, the evidence was properly admitted under the allegations of the counterclaim.

A witness who examined the motor of the car after it had been for some time in the defendant's possession, testified as to its then condition. *Held* that his testimony was admissible, though its weight, owing to the lateness of the examination, was a question for the jury, as they were fully instructed by the court in its charge.

The contention that one who makes payments after discovery that he has been defrauded, thereby waives the privilege of using fraud as a defense to an action on the contract, is not available to an appellant, if it does not appear from the claims of proof that the jury could have found at what time the defendant acquired full knowledge of the falsity of the representations made to him.

The counterclaim contained allegations of false representations by the plaintiff as to the truck and its fitness for general work, and of the plaintiff's knowledge of the falsity of such representations. *Held* that this afforded a basis for recovery of damages either for deceit or for breach of warranty.

The placing of undue emphasis upon the testimony of one witness rather than directing the jury's attention to all the relevant evidence, is to be condemned; and where that takes the crude form in a charge of saying to the jury that if they believe the testimony of one certain witness, they should find for one or the other of the parties, it may constitute reversible error.

In the present case the court stated to the jury that an instruction which it had given became of no importance unless the jury found that the "plaintiff's story" was true. *Held* that while the expression was unfortunate, yet it would not be considered reversible error since it evidently referred to the whole case as made by the plaintiff.

Where damages exceeding the ordinary damage allowed in actions founded on fraud are incurred by a plaintiff, and the false representations of the defendant are the proximate cause thereof, the plaintiff is entitled to recover such consequential damages; and this is especially true where the representations are made respecting the fitness of the chattel sold for an intended use.

Repairs made by the defendant vendee of the truck to put it into running condition, cannot be said, as a matter of law and without the details of the repairs, to be matters too remote to have proximately resulted from the condition of the machine at the time sold, and hence not to afford a basis for the recovery of consequential damages.

Dwyer *v.* Redmond.

The measure of ordinary damages for fraud in the sale of goods is the difference between the actual value of the thing sold and what it should have been worth had it been as represented.

In the present case the trial court gave no direct charge upon the measure of ordinary damages, but did refer to the defendant's claim that the truck was absolutely valueless. *Held* that in thus narrowing the issue to one of finding the truck to be either worthless or of the value named in the contract of sale, the court committed prejudicial error.

Argued January 17th—decided March 1st, 1924.

ACTION to recover a balance alleged to be due for a motortruck sold and delivered to the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Jennings, J.;* verdict and judgment for the defendant upon his counterclaim for fraudulent representations, and appeal by the plaintiff. *Error and new trial ordered.*

*Thomas R. Fitzsimmons*, with whom, on the brief, was *Walter J. Walsh*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellee (defendant).

KEELER, J. The complaint in this action contains two paragraphs, the first alleging, on December 2d, 1920, a sale and delivery of a Selden auto truck for an agreed price of $750; the second, setting up a payment of $200 and claiming $550 due and payable to the plaintiff. In the answer the complaint is admitted, except that it affirmatively alleged that the purchase price of the truck was $650 and that the sum of $550 was not due and payable. In addition to his answer, the defendant plead a counterclaim to the effect that plaintiff on the day aforesaid offered to sell a Selden truck to defendant for $650; that he represented to the defendant that this truck was manufactured in 1917, and had in it a motor manufactured in 1918, while in fact, as

known to the plaintiff, the truck was manufactured in 1915 and the engine in 1914; that the truck was in good running order, capable of doing all the work which a truck and motor of the year represented was capable of doing, ordinary wear by use of the same since the time of manufacture excepted; that to further influence the defendant into believing that the truck was of the year of manufacture 1917, the plaintiff showed to the defendant a copy of the registration of the same as set out to the Commissioner of Motor Vehicles of the State of Connecticut, in which the year of manufacture of the truck was stated to be 1917; that the truck, as the plaintiff knew,was not in good running condition, but had been in several collisions and accidents and was not capable of doing the work represented by the plaintiff, but was in fact practically worthless; that as the result of the representations of the plaintiff, and relying thereon, the defendant bought the truck at an agreed price of $650 and paid thereon the sum of $200; that the defendant after purchasing the truck and still believing in the representations of the plaintiff, in an endeavor to repair the truck so that it might be in reasonable working condition, paid out for labor, repairing and parts on the same over $250, and was forced to pay the sum of $259 for hiring other trucks to replace this truck while it was being repaired, and that the Selden truck is now in the possession of the defendant but is valueless to him. Upon the allegations of his counterclaim, the defendant claimed $1,000 damages. The plaintiff's reply denied all the allegations of the counterclaim.

From the claimed proofs the jury might reasonably have found all of the allegations of the complaint to be true.

The jury returned a verdict which was accepted by the court, as follows:—

"Plaintiff's Verdict.

"In this case the jury finds the issues for the plaintiff on the complaint, and for the defendant on the counterclaim, and therefore finds for the defendant to recover of the plaintiff $315.38 damages."

The plaintiff moved to set this verdict aside as being inconsistent, repugnant, and not proper for the jury to render upon the issues. He also moved in arrest of judgment for a like reason, and because, since the jury found a verdict in favor of plaintiff upon the issues, damages should have been given the plaintiff and not the defendant.

As regards the first of these points, it is very clear that the true effect of the verdict is stated in its body and in a manner entirely intelligible, and since this is so, an error in the caption cannot render it inconsistent, repugnant or inefficacious. The caption might have been omitted, and the verdict still have been held good in form.

The second point as understood by the trial court, and as maintained in plaintiff's brief in this court, seems to be that in finding, under the instruction of the court, that there was a valid contract upon the complaint, and in finding issues for defendant upon the counterclaim, the jury reached conclusions inconsistent and repugnant, inasmuch as it must have found this contract fraudulent and invalid under the allegations of the counterclaim. This claim loses sight of the fact that the complaint and the counterclaim constitute in effect two separate actions, and could have been brought and tried as such. Judgment for plaintiff upon the complaint and answer in a separate action, would not have precluded defendant in the position of plaintiff from recovering upon a complaint identical with the counterclaim in the present action. *Holcomb Co.* v. *Clark*, 86 Conn. 319, 323, 85 Atl. 376. Fraud, in a

transaction like that under review, does not render the contract void but voidable. A party to the contract may elect to affirm the contract in one action, and to repudiate it in another action, both arising out of the same transaction but involving distinct issues. *Yale Gas Stove Co.* v. *Wilcox,* 64 Conn. 101, 127, 29 Atl. 303. The trial court rightly overruled these motions, and did not err, as plaintiff claims in his reasons of appeal, in so doing.

At the conclusion of the evidence the defendant claimed that he should be allowed to open and close the argument to the jury, since he had the burden upon the important and controlling issues in the case, which he was allowed by the court to do. This action of the trial court is assigned as error by the plaintiff. The decision of this matter comes within the discretionary power of the court under the general rules of practice (Practice Book, p. 262, § 89), wherein it is provided that "where several issues are to be tried together, as to some of which the plaintiff, and as to others the defendant, has the affirmative, the court shall determine, in its discretion, which party shall open and close." Plaintiff urges that this rule applies only in case all of the issues are tried together in one suit, and could only be so tried, and does not apply in the present case where there are practically two suits. He urges that the proper course would have been to have allowed two sets of arguments, each party to have the privilege of opening and closing his own case. This point is not well taken. The rule quoted is intended to apply to just such situations as that here developed, and in no way does the trial court seem to have exceeded its discretion.

A fourth reason of appeal is concerned with the admission of certain evidence offered by the defendant. The trial court finds that defendant had testified that he had no knowledge of automobiles, was inexperienced

in using them, could not drive one, and could not drive and had not driven the Selden truck. After that, further inquiry was made of him on direct examination as follows: "Q. From the efforts you have made to have it repaired, the attempts you have made to have it used, and from the observations you had made of it, have you ever been able to get any work out of it? A. Never, no, sir." To the ruling admitting the testimony, plaintiff's counsel excepted, and claims that the court erred in allowing the question, in that the defendant was asked to render an opinion which, upon his own testimony, he was incompetent to give. He was not called upon to give an opinion, he was merely asked to say whether after all his efforts to get the truck in running order, he had been able to use it, and he said that he had not. This answer was not giving an opinion, it was stating a fact, and one relevant to the issues. No error intervened in allowing this question and answer.

The fifth reason of appeal assigns error by the court in allowing the defendant, while testifying as to the items of his claims for damages, to refer to certain bills paid by him for repairs upon the truck, enumerating the amount and in some cases the substance of each bill. Objection was made to this testimony that it was altogether too remote and not a proper element of damage. The testimony was properly admitted by the court, on the ground that if the expenditure of these sums, or some of them, was in a reasonable effort to get the car into running condition, it was admissible under the allegations of the counterclaim.

The sixth reason of appeal is concerned with the admission of the testimony of one Edward Fisher, a witness for defendant, who testified to examining the motor of the Selden truck while it was in possession of defendant, for about twenty minutes, and that he did

not examine the rest of the truck. The examination took place some considerable time after the defendant had had the truck in his possession. The witness was then asked if he had examined the rest of the car, and answered that he had not. He was further asked what he found to be the condition of the motor, to which question plaintiff's counsel objected. The question was allowed and an exception taken. Witness replied that he found the condition very bad and continued: "The motor has a hole through the crankcase on both sides, and in the lower half of the motor case the number three connecting rod is unhooked. The connecting rod is drove through the top half of the case, and there is a large hole on one side of the motor and a small hole on the other side, and you can look through the motor without taking down the case, and I see the main bearings have been welded or repaired, but they have been welded on the sides, although the motor is not apart, it is not together. It is in very bad condition and practically a total wreck." That the witness did not examine the rest of the car is no bar to the admission of testimony as to the condition of the motor, which was well enough as far as it went. An examination of the claimed proofs shows that the condition of the car turned largely and predominately on that of the motor. The fact that the examination was made at a considerable time after the sale, affects the weight rather than the admissibility of the evidence, and the jury was cautioned in the charge "that the condition of the truck at the time it was delivered to the defendant is the important thing, and not its condition now two or three years later over here in a yard; that evidence regarding its present condition was only admitted as relevant to show what its condition was at the time it was delivered to the defendant."

The seventh assignment of error is concerned with

Dwyer *v.* Redmond.

the failure of the court to charge, as requested, the matters appearing in three short paragraphs of plaintiff's requests, to the effect that there was no fraud if the alleged representations were not made, if they were not relied on, and if they were not made with actual knowledge of their falsity, or recklessly. These requests were in fact fully and appropriately treated in the charge, and further the court charged correctly and at length upon the elements necessary to recover for fraudulent representations.

The eighth reason of appeal alleges error in the omission of the court to give proper instruction to the jury as to the legal effect of payments made by the defendant covering a period of six months after the alleged fraudulent representations were made. In support of this claim counsel quotes authority to the effect that one who makes payments after discovery that he has been defrauded, waives the right to use fraud as a defense, although he concedes that the authorities are not harmonious, and that some cases hold to the contrary, but limit the damages up to the time when the fraud is discovered. We need not pass upon this question, since it does not appear from the claims of proof that it could have been found at what time defendant fully came to the knowledge of the falsity of the representations. It is claimed that he made efforts in the way of repairs for some time, and also gradually discovered facts relating to the claimed falsity of the representations made. The plaintiff claims in effect as matter of law, that the time over which attempts to repair is spread is conclusive that during some part of that period the defendant became aware of the deception. This claim is unsound; the length of the period is merely evidential. It is significant that the plaintiff made no request for instructions on a point which he now urges as vital. The court did not err in not instructing on this point.

The fifteenth reason of appeal assigns as error the following paragraph from the charge: "Of course, you will know that he says here where 'there is no fraud nor express warranty.' Now, in this case the defendant claims both; that there was both fraud and an express warranty. So that this would apply only if you find in accordance with the plaintiff's contention." In brief and argument plaintiff claims error, because the defendant was not claiming under a warranty but simply for fraud, and therefore the jury were given something to consider which was not in the case. If this is so, the plaintiff is the author of his own misfortune, for the paragraph of the charge above quoted follows in explanation of an instruction as to the effect of express warranty requested by the plaintiff and given by the court. He also requested and was granted a charge upon the law of implied warranty. The counterclaim is certainly adapted to set up a breach of warranty, as well as the tortious misrepresentation constituting fraud. From the claimed proof the jury might have found, in addition to certain express warranties, not only that plaintiff knew of the work in which defendant desired to employ the truck, but actually recommended it for such purpose. Such facts, if proved, would support a contract action. General Statutes, § 4681 (The Sales Act). But back of all this lies the fact that the trial judge, who had heard the claims of the parties and their evidence as well, states explicitly that "in this case the defendant claims both" [deceit and warranty]. On the record the plaintiff cannot claim, nor can this court conclude, that the trial court misstated the claims of defendant. The court charged the jury in the words of one of plaintiff's requests, and correctly, upon the question of implied warranty, and then by way of explanation and caution, added the following: "There again, of course, this instruction

Dwyer *v.* Redmond.

becomes of no importance unless you find that the plaintiff's story, to wit, that this was not a sale by representation, but a sale by trial and acceptance, is true."

In his sixteenth reason of appeal plaintiff claims this statement to be erroneous, because thereby the jury was instructed to find a fact based upon its conclusion as to the truth or falsity of the plaintiff's story, disregarding testimony given by other witnesses.

The placing of undue emphasis upon the testimony of one witness rather than a direction to consider all evidence in the case relevant to the issue in question, is uniformly condemned, and a charge open to this objection may constitute reversible error, especially where it takes the crude form of saying to the jury that if it believes the testimony of one certain witness it should find for the plaintiff or the defendant as the case may be. *White* v. *Reed*, 15 Conn. 457, 465; *Dolan* v. *Delaware & Husson Canal Co.*, 71 N. Y. 285; *Louisville & Nashville R. Co.* v. *Morgan*, 114 Ala. 449, 22 So. 20; 1 Blashfield, Instructions to Juries (1st Ed.) § 106; Branson, Instructions to Juries, § 73 (2). We cannot refrain from characterizing the expression used by the trial judge as unfortunate, yet we think, considering the entire charge, that he is referring rather to the entire presentation of the facts of his case by the plaintiff, than to the plaintiff's sole and individual testimony, and that the jury must have so understood. Furthermore, the way in which the matter is put, that is "unless you find the plaintiff's story . . . is true," gave the jury the chance to find an important issue in plaintiff's favor on his testimony alone, and if it should be deemed an error, it was not more harmful to plaintiff than to defendant. For these reasons we cannot consider the charge to be so harmful as to call for a finding of reversible error.

The remaining errors assigned (in reasons numbered

nine, ten, eleven, twelve, thirteen and fourteen) relate to the instructions given by the court with reference to the rule of damages to be followed by the jury.

In charging as to its finding upon the complaint, the jury was correctly instructed that on the pleadings the only issue involved was as to the amount of the agreed price in the contract made by the parties; that the sum of $200 paid by defendant to plaintiff should be deducted from the price, as the latter was found to be $750 or $650, and a verdict given the plaintiff either for $550 or $450, in accordance with such finding. Passing to the consideration of the counterclaim, the jury was correctly instructed that they might offset any damages found for the defendant thereon, against the damages awarded plaintiff upon the complaint up to the full amount of the latter.

The court then proceeded to state the elements of damages as claimed by the defendant on his counterclaim as follows: "As I read the counterclaim, there are four claims of damage: one for the repairs he made to try to get this car to run; another for the money paid out in hiring another truck to take the place of this one; another counterclaim on the ground that the truck sold him as a result of these false representations was valueless; and the fourth, payments which he made on the truck, three in number, amounting in all to $200." The court instructed the jury that the payment of $200 was taken care of by the verdict which they had been instructed to render upon the complaint. With reference to repairs, the jury was told to allow such payments as "were made necessary as a proximate result from the false representations made by the plaintiff. . . . The question for you to determine is whether all of the loss, as you find it disclosed, or if not all of it, how much of it, was the direct proximate and essential result of the false representations." The court further

correctly directed the jury not to consider the amount claimed by defendant for the hire of other trucks in his business.

It is claimed by the plaintiff that in the instructions above given the court erred as regards special and consequential damages, and also failed to give the jury the correct rule upon the question of general damages in actions founded on fraud. As regards special damages, plaintiff contends that there is nothing in the record to show what consequential damages were allowed by the jury, in that it does not appear what items of expense incurred were claimed as proximate results of the misrepresentation. The jury evidently found some of them were of that character, apparently combining the evidence of defects in the truck, as shown in defendant's claimed proof and the detailed items of the bills which were in evidence and considered by the jury. If the plaintiff desired to have considered by us the details of the repairs, the bills therefor should have been made exhibits in the case on appeal. Without such assistance, we cannot say as matter of law that the repairs made evidenced matters too remote to have proximately resulted from the condition of the machine. Where damages exceeding those ordinarily allowed in actions founded on fraud, are incurred by a plaintiff of which the representations are the proximate cause, he can recover such consequential damages. *Allen* v. *Truesdell*, 135 Mass. 75; *Rose* v. *Wallace*, 11 Ind. 112; 8 R. C. L. pp. 450, 496; 12 R. C. L. pp. 453, 454; 2 Sedgwick on Damages (9th Ed.) §§ 441, 442; 27 Corpus Juris, p. 85. This is especially true where the representation is made respecting the fitness of the chattel sold for an intended use. *Peak* v. *Frost*, 162 Mass. 298, 38 N. E. 518; *Maynard* v. *Maynard*, 49 Vt. 297. In the instant case the jury might have found in accordance with the claims of defendant appearing in

the finding, that the truck was specially recommended
as available for his business, that of heavy trucking in
the yards of the New York, New Haven & Hartford
Railroad Company. The jury might further have found
from the claimed proof that defendant offered to re-
turn the truck to the plaintiff who refused to receive it,
although the defendant did not plead the offer. Such
a finding would have brought the case for consequential
damages fairly within the rule in *West* v. *Anderson,* 9
Conn. 107, and have justified giving special damages.
The instruction of the trial judge upon this point was
correct.

Taking up the claim that the instruction given by
the trial judge upon the question of general and or-
dinary damages was erroneous, we note that plaintiff's
counsel correctly state the rule to be that "in an action
to recover damages for fraud in the sale or exchange of
goods, the measure of damages is the difference be-
tween the actual value of the goods at the time of the
sale or exchange and what they would have been worth
had they been as represented." This states the rule
obtaining in this jurisdiction. *Murray* v. *Jennings,* 42
Conn. 9; *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 39
Atl. 104. The plaintiff claims that nowhere in the
charge is this rule of damages given, and that the failure
to give it withdrew from the jury the opportunity to
pass on the situation in the light of any proper in-
struction. In this respect we regard the contention of
the plaintiff as correct. From the excerpt from the
charge given above, we find one of the four claims of
damage made by defendant was that the truck was
valueless, and the court refers this claim to the jury as
one of the issues on which it has to pass; and in further
instructions on this point goes on to say that the de-
fendant claims that the truck was and is valueless to
him and that there was a total failure of consideration,

Waterbury *v.* Macken.

that the contract arising out of the misrepresentation had resulted only in trouble to him, and that he had received absolutely no benefit from it. Such a treatment of the subject could only lead the jury to believe that it must find the value to be nothing, or the value named in the contract of sale. The jury is given one possible finding upon the evidence, and as an alternative—nothing. The jury had under the charge no opportunity to say whether or not at the time of the sale the truck was of any value, or what its value would have been if it had fulfilled the terms of the representations. In thus narrowing and misshaping this issue in its charge, the trial court erred.

There is error and a new trial is ordered.

In this opinion the other judges concurred.