JASPAR OKOOMIAN *vs.* EMIL BRANDT ET AL.

First Judicial District, Hartford, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

In actions for fraud or breach of warranty in sales of real or personal property, the measure of damages, where the subject of the sale has been retained by the buyer, is the difference between the actual value of the property at the time of the purchase and the value it would have had if the property had been what it was represented to be.

In the present case, the plaintiff purchased a building for $13,500—

Okoomian *v*. Brandt.

found by the trial court to be its actual value—in reliance upon the defendant's false representation that each of the three tenements therein produced a monthly rental of $35, whereas the rental was $25 only. The trial court found that after the purchase the plaintiff was enabled to obtain the rental as represented by installing electric lights at a cost of $325. *Held* that this was equivalent to a finding that the value of the premises as represented was the actual value plus the cost of the improvement, and that, therefore, the proper measure of the plaintiff's damage was the sum which he had expended for installing the electric lights.

Additional expenses, if any, incurred by the purchaser through loss of interest or otherwise, may also be recovered, though none such were disclosed by the finding in the present case.

Argued October 8th—decided October 21st, 1924.

ACTION for damages for fraudulent representations in the sale of certain land in Hartford, brought to and tried by the Superior Court in Hartford County, *Jennings, J.;* facts found and judgment rendered for plaintiff to recover $325, and appeal by plaintiff. *No error.*

*John J. Dwyer,* for the appellant (plaintiff).

*Edward J. Myers,* for the appellee (defendant).

WHEELER, C. J. The defendant, through a broker, sold a lot of land in Hartford with a brick building thereon containing three tenements, to the plaintiff. The broker acting within his authority as agent for the defendant, represented to the plaintiff that each of the three tenements rented for $35, making a total monthly rental of $105, and relying upon such representation the plaintiff entered into a contract for the purchase of these premises and subsequently did purchase them.

The representation was false and fraudulent; the rental paid for each tenement both at the time of the contract of sale and of the sale, was $25 a month. The fair rental value of each tenement at these times was

$30. The finding of this rental as "$25 or $30" must be taken as a finding of $30.

The fair market value of the property at the time of sale was $13,500, which was the purchase price paid by the defendant. By the expenditure of $325.50 in the permanent improvement of electric wiring and fixtures, the plaintiff was enabled to obtain the rental for each tenement which he relied upon obtaining when he purchased the premises, viz., $35 a month; and with the installation of electric wiring and fixtures, the rental value of each tenement was then $35 a month.

The plaintiff contended in the trial court, and now contends, that the measure of his damages should be the difference between the actual value at the time of sale, and its value if it had been as represented, and that the computation of the damages should be obtained by capitalizing the amount of the fraudulently represented rentals, viz: $360, at 10%, and adding this sum, $3,600, to the actual value, $13,500, in order to obtain the value as it would have been if as represented, viz, $17,100. The trial court ruled that the measure of damages was "the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented and warranted to be"; and that since the installation of electric wires and fixtures at a cost of $325.50 would give the plaintiff exactly the rental the property as represented should have brought, this sum would give the plaintiff this difference in value and more accurately measure the damage than by an attempt to find the true value from the estimates made by the real-estate experts. And further, that the method of obtaining the measure of damages by the plaintiff unduly penalized the defendants and disregarded many elements which must be considered under our rule.

The measure of damages in cases of fraudulent

representation where the subject of the transfer has been retained—applied in *Murray* v. *Jennings,* 42 Conn. 9, fully discussed and considered and definitely determined in *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 39 Atl. 104, as "the settled rule in this State," and subsequently followed and approved in *Kornblau* v. *McDermant,* 90 Conn. 624, 632, 98 Atl. 587; *Anderson* v. *Snyder,* 91 Conn. 404, 406, 99 Atl. 1032; *Dwyer* v. *Redmond,* 100 Conn. 393, 406, 124 Atl. 7; *Callahan* v. *Jursek,* 100 Conn. 490, 496, 124 Atl. 31,—is that stated on page 137 in *Gustafson* v. *Rustemeyer:* "'It is now well settled that in actions for deceit or breach of warranty in sales of personalty or realty, the measure of damages is the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented to be.'" When we definitely committed the court to this rule, we recognized the two classes of rules prevailing and carefully analyzed them, the first, or rule of the majority, being that already stated, and the second, or minority, the difference between the actual value and the price paid. The minority rule is based upon the theory of compensation excluding the profit which might have been made by the transaction; the majority rule gives to the party defrauded the benefit of his bargain. That the minority rule has become the settled rule of the United States Supreme Court, *Sigafus* v. *Porter,* 179 U. S. 116, 21 Sup. Ct. 34, and a number of the States, cannot now affect our adoption of the majority rule, since that choice rests not alone upon the great weight of authority, but upon what appears to us to be the better reason and to achieve the fairer result. The finding does not find specifically, as it should, the value of these premises if as represented. What it does do is to refuse to adopt the rule as claimed by the plaintiff by assuming the actual value as the

$13,500 found, and capitalizing the increase rentals if as represented at 10% of its increased value. These the plaintiff erroneously assumes to be $3,600 instead of $1,800, based upon a yearly increase in rentals of $360 instead of $180. The most that could be claimed for this local custom was that it was evidential of value but not conclusive. It was a factor for the consideration of the court but no more. The court had before it another factor—the cost of the permanent improvement to the building which would when completed give to the plaintiff the exact rental as represented. So far as the record shows, there was no basis in the opinion of witnesses from which the conclusion as to the value of the premises as represented could have been drawn. But the court's memorandum indicates that the opinions of the experts varied so greatly that it reached the conclusion that the cost of the permanent improvement added to the actual value of the premises measured the true value of the premises if as represented. This was equivalent to a finding that the value of the premises as represented was the sum of their actual value plus the cost of the improvement. Where an improvement to premises will make the premises equal in value to the premises as represented, then the cost of the improvement will measure the added value of the premises as represented over their value as they exist, and justify the court in finding specifically as the value of the premises as represented, the actual value plus the cost of the improvement. This cost added to the actual value will furnish the true basis for ascertaining the value of the premises unless there be additional expense caused to the purchaser through loss of interest or loss in some other way, over and above the cost of the improvement, in which case the value of the premises as represented will equal the sum of their actual value plus the cost of the improvements, plus any addi-

tional expense by way of interest or otherwise. There is nothing in the finding to show that there were such additional expenses and we cannot presume their existence. The court's finding that by the expenditure of $325.50 in the installation of electric wiring and fixtures the plaintiff has obtained exactly the premises he contracted to purchase, is equivalent to finding that the premises as represented would have been in value $13,825.50.

We find no basis in the record for the claimed corrections in the finding.

There is no error.

In this opinion the other judges concurred.