[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2149
The plaintiff brought an action against Fleet Bank on February 18, 2000. The plaintiff alleges that due to the negligence of the defendant she was injured as she exited the bank in a fall on an area between a sidewalk and some pavement adjoining it. On February 27, 2000 plaintiff notified the town of Newington pursuant to § 13a-149 CGS but did not bring an action against the town. The defendant, Fleet Bank, filed an apportionment complaint on March 30, 2000 against Newington alleging that the town was under a duty to keep the public sidewalk safe and the plaintiff's fall was due to negligence in breach of a statutory duty.
The town brings this motion for summary judgment on the ground that a municipality may not be cited in as an apportionment defendant. The town maintains § 13a-149 CGS is the sole remedy against a municipality for a defective sidewalk injury. This Court agrees.
Liability of a defendant under § 13a-149 is purely for breach of a statutory duty. In Lukas v. New Haven 184 Conn. 205, 212 (1981) the Supreme Court stated "it is settled law in this State that the liability of the defendant under § 13a-149 is purely for breach of statutory duty and does not arise from negligence". (Citations omitted) "the liability imposed under § 13a-149 is not known to the common law. An apportionment action is brought under § 52-102 and § 52-572 (a). According to the language of § 52-572 (a) the statute applies only to negligence actions. In addition to the above under the highway defects statute a municipality can be held liable only if the highway defect is the sole proximate cause of the alleged injury. An apportionment complaint against a municipality indicates negligence on the part of the original defendant and an apportionment defendant would be contrary to the intent of § 52-572 (a). Bradley V. Randall, no. CV9500521735 privacy April 8, 1996, Sferrazza, J., Belcher V. Agency Rent A Car No. CV93 052 77 90, April 13, 1994, Alden J. (11 Conn.L.Rptr. 427).
Neither the Appellate nor the Supreme Court in Connecticut has addressed the issue i.e, whether a municipality may be made an apportionment defendant in a negligence action. However there is a substantial split of authority at the Superior Court level as to this issue. The defendant in its brief cites a number of the Superior Court cases which have held that the municipality may be made a defendant in an apportionment case. This court, however, is of the opinion that the better view is that espoused by the two cases cited above.
Practice book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof CT Page 2150 submitted show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut courts have held that a party may use a summary judgement motion to test the legal sufficiency of a complaint. Boucher Agency,Inc., v Zimmer, 100 Conn. 404, 409.
The Motion for Summary Judgment is granted.
 ___________________ Hale, JTR