ISAAC S. MULFORD *v.* THOMAS C. WILLIAMS and others.

Where a bill for foreclosure sets out incumbrances held by defendants with sufficient
    particularity, and their order of priority, and a decree *pro. con.* is taken, and a ref-
    erence to a Master, the Master cannot, by issuing a summons to a defendant incum-
    brancer to appear before him, put such a defendant in a position to lose his rights,
    admitted by the bill and established by the decree p. c., by failing to attend the
    Master.

In March, 1849, Isaac S. Mulford exhibited his bill of fore-
closure, on a mortgage, dated November 17, 1847, given by
Thomas C. Williams.

The bill states, that, on the 27th of March, 1848, as the com-
plainant is informed and believes, Joseph Franklin recovered a
judgment, in the Common Pleas of the County of Gloucester,
against the said Thomas C. Williams, for $632.30 debt, and $4
costs; which judgment remains unsatisfied, and a lien on the
premises described in the said mortgage.

That, on the 5th of April, 1848, the said Williams executed
another mortgage on the same premises to William S. Doughton,
for $300, payable, &c.; which is an incumbrance on the same
premises.

And that Charles Edwards recovered a judgment against the
said Williams, &c., (stating it.)

The bill prayed process against Williams, Doughton, Edwards
and Franklin, and the process was duly served, returnable April
16, 1849.

On the 20th of June, 1849, a decree *pro con.* was taken
against all the defendants, and an order by which, after stating
that the whole of the money secured by the complainant's mort-
gage was not due, it was referred to a Master to ascertain what
was then due on the complainant's mortgage &c., and, also, the
amount due, if anything, to the said Doughton, Edwards and
Franklin, on their respective mortgage and judgments, and to

report the order and priority of the said several mortgages and judgments, &c.

On the 26th of June, 1849, the Master reported, that, after having summoned the parties to appear before him, he found, there was due to the complainant, for interest on his mortgage, $18; that the principal sum, $300, is not yet due, &c.; that the complainant's mortgage is first in order and priority. That there was due to Doughton, for interest on his mortgage, $18; that the principal sum secured by his mortgage is not yet due, &c.; and that said Doughton's mortgage is second in order and priority. That the judgment of Edwards had been fully paid.

That it was satisfactorily proved before him, that the summons issued by him, directed to said Franklin, summoning him to appear before said Master on the date of the report, was duly served on said Franklin; but the said Franklin neglected to appear and prove his claim, if any he has against said mortgaged premises; and that, therefore, he, the Master, cannot report, what, or whether anything remains due to Franklin on his said judgment, or whether it has been entirely satisfied. He further reports that, under the circumstances of the case, the whole of the mortgaged premises should be sold.

On the 5th of July, 1849, the solicitor of the complainant took a final decree, confirming the report, and decreeing the sale of the mortgaged premises, to pay the moneys due and to become due to the complainant and Doughton, respectively; and that a *fi, fa.* issue &c.; and that all the defendants stand debarred and foreclosed &c.

On the 27th of December, 1849, Franklin presented his petition, stating the filing of the said bill, and the contents thereof; that his judgment is wholly unpaid, and is the next incumbrance to the complainant's; that he, before the mortgage to Doughton was given, caused a *fi. fa.* against goods and lands to be issued on his judgment on the day of the entry of his judgment; and that the sheriff, the said Williams having no goods, levied his said execution on the mortgaged premises, whereby the petition-

34

er's judgment became and is a fixed incumbrance, prior to the mortgage of Doughton. That neither the petitioner nor Doughton appeared, pleaded, answered or demurred to the said bill of complaint.

The petition then states the decree *pro confesso* and order of reference; and that the petitioner is advised, that so much of the said order of reference as directed the Master to ascertain the order and priority of the incumbrances was irregular; because their order and priority were expressly stated in the bill, and fixed by the decree *pro confesso* thereon; so that the Master could not rightfully change them.

That the petitioner, relying on the correctness of said bill of complaint as to the order and priority of his judgment, and the decree *pro confesso* thereon fixing the same, did not appear before the Master.

The petition then states the report of the Master and the subsequent proceedings in the cause; and that the sheriff under the *fi. fa.* issued out of this Court has advertised the mortgaged premises to be sold on the 20th of January, 1850.

That the first knowledge or information the petitioner had of the said error or mistake in the said Master's report and decree and execution was some time after the issuing of said execution, and since the last term of this Court.

That the said mortgaged premises are all the property of the said Williams levied on by the sheriff under the petitioner's said judgment, except a lot of less than one-fourth of an acre, worth only about $40 or $50; and that the said mortgaged premises, with said lot, will not, as the petitioner believes, produce sufficient to satisfy all of the said three incumbrances.

He prays, that the said report, decree and execution may be so amended or corrected that his judgment shall be directed to be paid next after the complainant's mortgage and costs; or, that the sheriff may be directed, after paying the amount due the complainant and his costs, to apply the residue of the proceeds of sale of the mortgaged premises to the payment of the petitioner's judgment and his costs in this behalf; and for such further and other relief, &c.

On this petition, an application was made to the Court, on notice, for an order pursuant to the prayer of the petition. And the Court, on the 2d of January, 1850, made an order that cause be shown why the relief prayed by the petition should not be granted; and that all proceedings on the execution issued out of this Court be stayed until the further order of the Court, and that both parties have leave to take depositions.

Depositions were taken and exhibits made.

*Browning,* for the petitioner, cited 2 *Daniel's Ch. Pr.* 1221, 1358; 1 *Ib.* 569, 577, note; 3 *Mylne & Craig,* 183; *Halst. Dig.* 230, sec. 4; *Rev. Stat.* 909, sec. 21.

*Dudley* and *P. D. Vroom,* contra, cited 1 *Harr. Ch.* 420; 5 *J. J. Marsh,* 328; 2 *Daniel's Ch. Prac.* 1232; 1 *Halst. Dig.* 236, 9; *Pott's Ch. Prec.* 96, note.

THE CHANCELLOR. The Master could not properly change the order of priority of the incumbrances as given in the bill, and established by the decree *pro confesso.*

Franklin's incumbrance was set out in the bill with sufficient particularity to enable the Master to report what was due upon it, and its order of priority; and the decree *pro confesso* established it as an existing incumbrance.

The Master could not, by issuing a summons to Franklin to appear before him, put Franklin in a position to lose his rights, admitted by the bill and established by the decree *pro con.*, by failing to attend the Master.

The Master should, either have reported the amount due Franklin, and the priority of his judgment to the mortgage of Doughton, or have reported only the amount due on the complainant's mortgage; in which latter case a final decree could have been taken for the sale of the premises under the complainant's mortgage, with directions to bring the surplus into Court, to be disposed of &c.

The decree will be opened, that the report may be corrected. Order accordingly.