AUGUSTA WIX et al.

*v.*

SAMUEL FRANKEL et al.

———

IDA M. OTZ et al.

*v.*

SAMUEL FRANKEL et al.

[Decided March 13th, 1917.]

1. The Mechanics' Lien act charges the property of one man with the debt of another, and it is necessary for the lien claimant to bring within the jurisdiction of the court all those parties whose interests he desires to subject to the judgment.

2. It is an act not remedial in its character, and in some cases requires a strict construction.

3. In proceedings under the act it is requisite that the assignee of the mortgage should be made a party, to charge him with any default of the assignor.

On bill to foreclose.

*Messrs. Whitehead & Appleton,* for the complainants.

*Messrs. Hudson & Joelson* and *Mr. George S. Hilton,* for the defendants.

LEWIS, V. C.

The two actions above named were brought against the defendants to foreclose two mortgages, one of eleven thousand dollars ($11,000), made by the defendants, the Frankels, to the Passaic Mortgage Company, and the other of fifteen thousand dollars ($15,000), made by the Frankels and one Annie Meyers, to the said company. The mortgage for eleven thousand dollars ($11,000) was given to secure that sum and bears date February 15th, 1913. The mortgage for fifteen thousand dollars ($15,000) bears date February 25th, 1913, and was assigned to the complainants, Augusta Wix and others, on March 10th, 1913. Proceedings in foreclosure were begun on the 20th of March, 1914, on the $15,000 mortgage, and on June 20th, 1914, on the $11,000 mortgage. The ground for proceeding on the $15,000 was that the interest had not been paid, and on the $11,000 that the taxes had not been paid.

The Frankels had other transactions with the Passaic Mortgage Company, and had secured through it loans reaching an amount of forty thousand five hundred dollars ($40,500). No controversy, however, existed between them as to the other loans than the one under consideration.

On October the 8th, 1913, the John Agnew Company, a corporation doing business in Paterson, filed a lien claim upon the building on which the $15,000 loan had been granted. The Agnew company had furnished materials for this building. The parties defendant in the suit brought by this corporation were Samuel Frankel, Pepi Frankel and the Passaic Mortgage Company. Augusta Wix and others were not made parties by the Agnew company in their lien claim suit, either at the time of filing of the lien claim or the institution of the suit. An examination of the records of Passaic county discloses that the

mortgage was assigned by the Passaic Mortgage Company to Augusta Wix and others on March 10th, 1913. The lien claim was not filed until October the 8th, 1913, nearly seven months thereafter.

The primary question, therefore, which the court in this case has to deal with is the situation of the judgment lien of the Agnew company as it affects the mortgage lien of the complainants. The Mechanics' Lien act charges the property of one man with the debt of another. It is necessary for the lien claimant to bring within the jurisdiction of the court all those parties whose interests he desired to subject to the judgment. It is an act not remedial in its character, and requires, in the case under consideration, a strict construction; to construe it otherwise would require the assignee of the mortgage to be charged with any default of the assignor, without having had his day in court. The Agnew company has proceeded regularly as against the owner, and has brought the assignor in, but the assignee of the mortgage was not made a party to the proceedings and knew nothing of them.

In *Cox* v. *Flanagan, 2 Atl. Rep. 33,* a somewhat similar case, this court in discussing the Lien act says:

"On October 24th, 1884, a summons was issued on each of said claimants. The complainants then still holding their mortgages were not made parties, as is required by the first section of the act of 1884. Public laws 260, which provides that in every such case every person holding a mortgage of record against the property affected by said lien, whose mortgage would be cut off by a sale under said lien claim should be made a party to said suit. This requirement is imperative and was not complied with. I regard it as an omission which cannot be overcome, and which enables the complainant to proceed in the face of the claim made. This provision is another one of the conditions imposed by the legislature upon lien claimants which they must observe."

The Agnew company did not bring the complainants within the jurisdiction of the court by any of the means provided by the statute, and yet they seek now to compel them to account for all moneys paid out by the assignor. I do not think that this

position can be sustained. This company having failed to make the complainants parties to their lien proceedings must rely on the judgment against the Frankels, who were properly made parties in that action.

I do not find in any of the recent opinions of our courts a tendency to so construe the Lien act as to practically abrogate its provisions. In the case of *McNab & Harlan Manufacturing Co.* v. *Paterson Building Co., 72 N. J. Eq. 929,* Judge Dill, speaking for the court of errors and appeals, referring to the case of *Beckhard* v. *Rudolph, 68 N. J. Eq. 315, 740, 749,* points out that the case deals with the construction of section 3 of the Mechanics' Lien law, and further says:

"The question whether other provisions of our Mechanics' Lien law should be construed liberally, or otherwise, is not foreclosed by the decision in the *Beckhard Case* nor by this decision. It may be argued, and with force, that mechanics' lien laws are, as a rule, to be construed strictly against the claimant and in favor of the owner of the land, so far as they require the owner to pay a debt that he did not contract, and for a consideration that he may have already paid to the contractor."

The proofs offered at the hearing unfold the entire transaction of forty thousand five hundred dollars ($40,500), and as there are admissions on the part of the officers of the mortgage company, and as the statements show a balance due Frankel, while the testimony is silent as to the amount, I suggest that under the circumstances, unless counsel agree without taking such a course, that an accounting should be had for the purpose of ascertaining the true situation.

A decree in accordance with the views herein expressed is advised.