RALEIGH SAVINGS BANK AND TRUST COMPANY, TRUSTEE UNDER THE WILL OF A. B. ANDREWS, DECEASED, v. W. W. VASS, INDIVIDUALLY AND AS TRUSTEE UNDER THE WILL OF W. W. VASS, DECEASED, AND J. S. KOONCE.

(Filed 8 November, 1922.)

**1. Adjoining Landowners—Light and Air—Boundaries—Party Walls.**

The owner of lands in the business section of a city, unless otherwise restricted by his deed, may build upon his land to the line of a store building on the lands of an adjoining owner, though by so doing he will close the windows or openings of the owner on that side of his building, and to that extent deprive it of light and air.

**2. Same—Deeds and Conveyances.**

The legal implication that when the owner of lands conveys a part thereof he grants all those apparent and visible easements on the part retained which were at the time used by the grantor for the benefit of the part conveyed, and were reasonably necessary for its use, cannot be made effective against the contrary intent of the grantor as gathered by a proper interpretation of the deed.

**3. Deeds and Conveyances—Interpretation.**

A deed to lands will be so construed as to effectuate the intent of the parties as gathered from each and every related part.

**4. Same—Adjoining Landowners—Light and Air—Party Walls—Alleys— Easements.**

A conveyance of a part of the owner's lands from a line running in the center of a dividing wall of his store building in the business section of a city, conveys to the grantee the right to build to that wall; and where the right to the permanent joint use of an alleyway running along this wall is also conveyed by or reserved in the deed, the conveyance or reservation of this right does not preclude the grantee from using the party wall by arching over the alleyway and preserving its proper use as such.

APPEAL by plaintiff from *Devin, J.,* at May Term, 1922, of WAKE.

The pertinent facts embodied in the case agreed and the judgment of the court thereon are as follows:

1. That on 15 April, 1907, by a deed duly recorded in the office of the register of deeds for Wake County, in Book 219, at page 359, the

defendant W. W. Vass, as trustee under the will of W. W. Vass, deceased, purchased from the Royall and Borden Furniture Company the property described in said deed, situate at the northeast corner of Wilmington and East Hargett streets, and running east along East Hargett Street for the distance mentioned in said deed and north along said Wilmington Street for the distance mentioned in said deed.

At the time of the purchase, there stood at the corner of Wilmington and East Hargett streets a building then occupied by the Royall and Borden Furniture Company, and which building had stood there for many years, having for a period of twenty-five or thirty years been used as the Central Hotel, and in the building fronting east there were windows on the first, second, and third floors, with a basement entrance to the cellar of said building, and through said windows light and air were furnished to the said building on the east.

That upon completion of said purchase, the premises were vacated by the Royall and Borden Furniture Company, and the corner building was leased as a grocery store to M. Rosenthal, who still occupies the same, and the defendant Vass, as trustee, built on the lot fronting on East Hargett Street in the rear of the above corner building, another brick building, and between the two buildings there was an alleyway or driveway 7 feet 10 inches wide at street entrance, 8 feet 1½ inches wide at the middle, and 8 feet 2 inches wide at north end of building, which afforded to both of said buildings light and air through their respective windows. That while the corner building had been built and used for many years as a hotel building, when it was acquired by the Royall and Borden Furniture Company, it remodeled the interior of said building, using the same for a store-room for mercantile purposes, and the rooms on the second and third floor for storage purposes, not altering substantially the partitions of said floors nor the openings outside; which said building is now occupied by M. Rosenthal as a grocery store, as aforesaid.

2. That on 10 October, 1913, W. W. Vass and W. W. Vass, trustee for Eleanor M. Vass and others, sold to A. B. Andrews, the testator of the plaintiff, and executed a deed on said date, which deed was duly recorded in the office of the register of deeds for Wake County on 11 October, 1913, in Book 276, page 649, by which deed the said parties, grantors therein, conveyed to the said A. B. Andrews and his heirs and assigns in fee simple the following described parcel of land:

By a line beginning at the intersection of the east side of Wilmington Street with the north side of Hargett Street, in the said city of Raleigh, N. C., running thence eastward along the north line of Hargett Street eighty-nine (89) feet to the center of the eastern wall of the building located thereon, now occupied by M. Rosenthal as a grocery store; thence

·northward in a direction at right angles to said Hargett Street along the ·center line of the eastern wall of said present building one hundred and fifty-eight (158) feet to a point in the southern line of the Trade Building property; thence westward with the line of said Trade Building property in a direction parallel with said Hargett Street twenty (20) feet to a point in the eastern line of the lot of Mrs. Florence P. Tucker's ·estate; thence southward with said eastern line of Mrs. Florence P. ·Tucker's estate lot, in a direction at right angles to said Hargett Street ·one hundred and eleven feet and three inches (111′ 3″) to southeast ·corner of said Tucker lot; thence westward with the southern line of said Tucker lot in a direction parallel with said Hargett Street sixty-nine (69) feet to a point in the eastern line of Wilmington Street; ·thence southward along the eastern line of said Wilmington Street forty-six feet and nine inches (46′ 9″) to the beginning; being the ·western portion of the lot conveyed to the parties of the first part by ·the Royall and Borden Furniture Company by deed dated 15 April, 1907, and recorded in the office of the register of deeds for Wake County, ·in Book 219, at page 359, reference to which said deed is hereby expressly ·made for matters of description.

Also a right of way in and over an eight foot (8′) alleyway imme-·diately east of the above described lot and premises, which is to be ·maintained permanently as an alley eight feet wide and extending north-ward as far as the south wall of the stable building now used by M. Rosenthal.

Also a right to maintain and use the said stable building which is located partly on the above described lot and·partly on the property of ·the parties of the first part, in its present location, provided that when the same is removed or torn down by the party of·the first part, it shall ·not thereafter be extended across the party line.

The said lot so conveyed being the corner of the old‸ Central Hotel property, with a reservation, however, of one-half of the eastern wall of ·said property; and the said parties did in said deed grant unto the said A. B. Andrews and his heirs the aforesaid tract "to·have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances ·thereto belonging, to said A. B. Andrews, party of the second part, his ‛heirs and assigns, to their only use and behoof forever."

That at said date light and air were furnished to the said buildings ·situate on the lot conveyed to the said A. B. Andrews from the east side ·thereof, through the windows in said building, which said windows, as ‛hereinbefore stated, had been maintained in the wall of said building for more than forty years, and they were in the ′same condition and in the :same places in said wall when the said A. B. Andrews purchased said ‚property; and that the elevator in use in said building has an opening :from it into said alley.

That A. B. Andrews died 17 April, 1915, having published his last will and testament, which was duly admitted to probate and recorded in the office of the clerk of the Superior Court of Wake County, in Book of Wills ......, page ....... In paragraph two of said will, the said testator appointed the Raleigh Savings Bank and Trust Company trustee for certain specified trusts therein described, and devising certain property therein described or referred to as a trust estate, and one of the said buildings placed in the said trust estate in said will was the building described by him as the said Rosenthal building at the corner of Wilmington and Hargett streets in the city of Raleigh.

3. That the said W. W. Vass, trustee under the will of W. W. Vass, deceased, has contracted to sell, and has entered into a written obligation to sell to the said J. S. Koonce the remainder of said lot east of the center line of the eastern wall of said corner building, subject, however, to the alleyway rights described in the deed to the said A. B. Andrews, the said contract being dated 25 February, 1920, and recorded in Book 355 of the office of the register of deeds of Wake County, at page 142, in which contract the said Koonce has paid approximately one-half of the purchase price called for, the plaintiff contending that the said obligation and said contract of the said Koonce is made subject to all the rights, privileges, and appurtenances belonging to the lot of the said A. B. Andrews, conveyed by deed dated 10 October, 1913, hereinbefore referred to.

4. That the said Koonce, under his contract with the defendant Vass, trustee, contends that he has the right to bridge over or arch over the alleyway, beginning about eleven feet eleven inches above the ground at street entrance and ten feet eight and one-half inches above the ground at the north end, the said alleyway ascending gradually to the north, which said addition will close the second-floor windows, apertures, and openings in the building purchased by the said A. B. Andrews as aforesaid, and four feet eleven inches of a twelve foot doorway (five feet wide) opening from the alleyway into store and opposite elevator, the wooden door in opening being nine feet high with a three-foot transom above, said door opening inward, and will also close upper sash of ten-foot window, the sill of which is forty-two inches above surface of floor. The said Koonce offers to elevate the bottom sill of the sleepers six inches where they are opposite the doorway. The said Koonce has begun the said work, and where he has begun it, part of the windows on the first floor, and all of the windows on the second floor, and the door of said elevator opening into said alley on the east end of the building purchased by the said A. B. Andrews in the deed aforesaid will be closed and no light or air will be furnished to said building through said second-floor windows and apertures on the east side.

Upon the foregoing facts, the question submitted is whether the defendants have the right to arch over said alleyway and cut off light and air from certain of the windows as aforesaid of the building purchased by the said A. B. Andrews on 10 October, 1913, by arching or bridging across the said alleyway at the height of approximately twelve feet from the ground, or any other height, and it is agreed that if the court shall be of the opinion upon the foregoing question that the said defendants have not said right, then a perpetual injunction enjoining them shall be decreed in this case. But on the contrary, if the court shall be of opinion that the defendants have the right, as contended by them, then the action shall be dismissed at the cost of the plaintiff.

MANNING & MANNING,
*Attorneys for plaintiff.*
S. BROWN SHEPHERD,
*Attorney for defendants.*

(Verified.)

### JUDGMENT.

Upon the agreed statement of facts in this action, the court is of the opinion, and so adjudges, that the defendants are entitled to construct their building over the alleyway in question, provided such structure does not interfere with the convenient use of said alleyway by the plaintiffs as a right of way.

This 29 May, 1922.                                        W. A. DEVIN,
*Judge Superior Court.*

Plaintiffs excepted, and appealed.

*Manning & Manning and A. B. Andrews for plaintiff.*
*S. Brown Shepherd for defendants.*

HOKE, J. From the facts presented in the case agreed, it appears that defendant W. W. Vass, as individual and trustee, owning a business lot abutting on Wilmington and Hargett streets, on 10 October, 1913, sold and conveyed to A. B. Andrews the lot and building situate thereon at the intersection of said streets, described as follows: "By a line beginning at the intersection of the east side of Wilmington Street with the north side of Hargett Street in said city, running eastward along the north line of Hargett Street 89 feet to the center of the eastern wall of the building now located thereon and occupied by M. Rosenthal as a grocery store; thence northward in the direction at right angles to said Hargett Street along the *center line* of the eastern wall of said present building," etc.

And in said deed is also conveyed a right of way back of said building in terms as follows: "Also a right of way in and over an 8-foot alley-

way, immediately east of the above described lot and premises, which is to be maintained permanently as an alleyway 8 feet wide," etc.

Subsequently, said W. W. Vass sold and conveyed to defendant Koonce "the remainder of said lot east of the center line of the eastern wall of the corner building, subject, however, to the alleyway rights described in the deed to A. B. Andrews, deceased," and the question is on the right of defendant Koonce to build over said alley and adjoining his building to said eastern wall, leaving room for the convenient use of the alley as an ordinary right of way, affording access to the buildings, etc.

On these the facts chiefly pertinent in so far as the deed to A. B. Andrews purports to convey a right of way affording access to the buildings, it is very generally held that the owner of the servient tenement may build over the same so as not to interfere with the reasonable and ordinary user of the easement as described and specified in the deed. *Duncan v. Goldthwart,* 216 Mass., 402; *Crocker v. Cothing et al.,* 181 Mass., 146; *Bitello v. Lipson,* 80 Conn., 497; *Grafton v. Moir,* 130 N. Y., p. 465; 19 Corpus Juris, p. 985; 9 R. C. L., p. 799.

In the digest of the *Connecticut case,* appearing in 16th L. R. A. (N. S.), at p. 1931, it is said: "A grant of an easement of a way with no mention of light and air does not prevent the owner of the fee from interfering with the light and air by placing structures over the way in such a manner as not to interfere with its reasonable and ordinary use."

And in the citation to Corpus Juris, the general position on the subject is very well stated as follows: "Unless it is clear from the language of the grant or the surrounding circumstances that the parties intended to have the passageway remain open to the sky, the owner of the servient estate may extend buildings or other structures over a way, provided in so doing he does not interfere with the free use of the way; and he will not be liable for damages, although the passageway, by reason of its being so covered, becomes to a greater extent the resort of strangers, to the annoyance of the grantee of the easement. The owner of a right of way has no claim to light by any passage other than that of the way itself, and he is not entitled to have light and air pass over the way to any greater extent than is necessary for the enjoyment of the right of passage."

We do not understand that appellant seeks to challenge the general position, as stated, but in his interesting and able argument, counsel contended that same should not prevail on the facts of this record by reason of another' well established principle, stated in Jones on Easements as follows: "That where one conveys a part of his estate he impliedly grants all those apparent and visible easements on the part retained which were at the time used by the grantor for the benefit of the part conveyed, which are reasonably necessary for the use of that part."

This position, in proper instances, is well supported by authority, and has been fully recognized and upheld in recent decisions of this Court, where the apparent easement is continuous and permanent in its nature. *Meroney v. Cherokee Lodge,* 182 N. C., 739; *Lamb v. Lamb,* 177 N. C., 150; *Tiedike v. Lipman,* 76 Atl. (N. J.), 463; *Fowler v. Wick,* 74 N. J. Eq., 603; *Wilson v. Riggs,* 27 App. Cas., D. C. P., 550.

But in these and other authorities pertinent to the question it is always fully understood that such an implied grant is subject to be modified or controlled by the express terms of the deed and the facts and attendant circumstances relevant and permissible to its proper interpretation. In applying these principles to the case presented, it must be borne in mind that this is business property, where it is not customary to allow for light and air on the side of adjoining buildings. The rule is, unless otherwise specified, that you will build right up, one building against the other, and not only is this the custom in property along an active business street, but here the deed itself, under which plaintiffs claim, provides that their line shall not extend beyond the center of the eastern wall, thus expressing a clear purpose to restrict any implied grant of light and air by reason of the existence of the windows in said wall, and to reserve the right to build and use the remaining half when desired, subject only to the ordinary and reasonable use of the alley.

In construing deeds and instruments affecting property, it is the fully accepted rule "that the intent of the parties, as embodied in the entire instrument, shall prevail, and each and every part shall be given effect if it can be done by fair and reasonable intendment." *Bowden v. Lynch,* 173 N. C., 203; *Davis v. Frazier,* 150 N. C., 447.

Considering, then, the nature of this property and the facts and attendant circumstances, this description of the deed conveying to plaintiff's ancestor only to the center of the eastern wall of the building and reserving to Vass, the grantor, the other half of said wall, could only have meant that the parties contemplated joining to this wall when the exigencies of business should require it, subject to the rights of the alleyway specifically described in the deed. Any other interpretation would be to deprive this important and formal portion of the conveyance of any and all significance. Under the facts as they existed, and in reference to which the parties dealt, what possible good could the one-half of the wall ever do or be to the owner if the alley was to extend indefinitely upward, and thus shut off all user of the title and privilege reserved by the grantor.

On the record, we think his Honor has entered the proper judgment, and the same is

Affirmed.