MORRIS SLACHTER *vs.* MAX OLDERMAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th, 1932—decided January 31st, 1933.

*John J. O'Connell,* for the appellant (defendant).

*William F. Healey,* for the appellee (plaintiff).

MALTBIE, C. J.   It is found that the plaintiff purchased of the defendant and the defendant conveyed to him a piece of real estate with the buildings thereon, including a garage in the rear, upon the latter's fraudulent representation that the westerly boundary of the lot as stated in the deed was some two or three feet beyond the westerly wall of the garage.   In fact the deed to the plaintiff so described the property that the garage extended about a foot over the westerly line of the lot.   While the defendant attacks the finding in many respects, we can make no change in it which will materially affect the trial court's conclusion that the defendant was liable to the plaintiff for the damage due to the fact that the westerly boundary of the land conveyed was not the agreed distance beyond the wall of the garage.   The defendant rightly con-

cedes that the principal issues involved in the appeal concern the damages allowed to the plaintiff.

The trial court properly ruled that the damages recoverable in such a case as this are measured by the difference between the value of the property actually conveyed to the plaintiff and its value had it been as represented. *Okoomian* v. *Brandt,* 101 Conn. 427, 430, 126 Atl. 332; *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 410, 130 Atl. 794. Such questions as arise have to do with the application of the rule by the trial court to the particular facts of the case. At the time the defendant conveyed the land to the plaintiff, the former owned the land upon which stood the west wall of the garage. Obviously the continuance of that wall was necessary to the existence and use of the garage. The deed to the plaintiff was a warranty deed in the usual form, conveying the land with its appurtenances. Under such circumstances the law implied a grant to the plaintiff of such an easement in the defendant's adjoining property as was necessary for the continuance and beneficial use of the garage. *Marshall* v. *Martin,* 107 Conn. 32, 37, 139 Atl. 338; *Smith* v. *Lockwood,* 100 Minn. 221, 110 N. W. 980; *Kahn* v. *Cherry,* 131 Ark. 49, 196 S. W. 266. As applied to a similar situation, the Supreme Court of Indiana has well stated the rule: "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted or reserved, as the case may

be, in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necesary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made." *John Hancock Mut. Life Ins. Co.* v. *Patterson,* 103 Ind. 582, 586, 2 N. E. 188. It follows that by his deed the plaintiff acquired the right as against the defendant to maintain the garage as it stood when the deed was delivered and to the use of any land west of it reasonably necessary for its beneficial enjoyment, including the space necessary to permit the opening of the door. After the conveyance to the plaintiff, the defendant deeded the adjoining land to Mary Pattee, and in that deed inserted a provision: "The said land is subject to an encroachment of a garage erected on the part of the easterly line adjoining the land of said Slachter." This provision was sufficient to put Mrs. Pattee upon notice of the right of the plaintiff as regards the maintenance and use of the garage and would also put upon notice subsequent grantees from her. They would take their land subject to the plaintiff's interest in it.

It follows that the trial court in estimating the damages to the plaintiff should have recognized the plaintiff's easement in the strip of land involved. His damages should have been based upon the failure of his deed to convey the land within the boundary agreed upon, aside from that easement. The trial court was in error in its estimate of damages, in that it proceeded upon the theory that the plaintiff had no right to the continued existence and use of the garage, and it is not necessary to discuss its rulings in detail.

There is error and a new trial is ordered.

In this opinion the other judges concurred.