BERTHA WEISS, complainant,

*v.*

KEYSTONE REALTY COMPANY, INCORPORATED, BENJAMIN ROSENWASSER and FANNY GUTTENBERG, executrix of the last will and testament of Solly Guttenberg, deceased, defendants.

[Decided January 21st, 1936.]

*Mr. Joseph L. Freiman,* for the complainant.

*Mr. H. David Zerman,* for the defendant Keystone Realty Company, Incorporated.

*Mr. Frank H. Eggers,* for the defendant Benjamin Rosenwasser.

*Mr. Fred Goldstein,* for the defendant Fanny Guttenberg, executrix of the last will and testament of Solly Guttenberg, deceased.

EGAN, V. C.

The defendants, by petition, seek to prevent the confirmation of the sale of the mortgaged premises which brought at the sheriff's sale the sum of $100. The question was duly argued and, after which, it was referred to a master who was directed to ascertain the fair and reasonable value of the premises, with all the rights and credits due to the defendants, and to ascertain the financial ability of the defendants to refinance the property, and to determine what, if any, encumbrances were liens on the same, and, if such, whether they were paramount to the complainant's mortgage. Several hearings were held before the master who then filed his report, in which he stated that the fair value of the land was $14,000; that the defendants were financially unable to protect themselves at the sheriffs sale; and that municipal liens to the extent of $3,980.21 were paramount to the complainant's mortgage.

Thereupon, the complainant petitioned to set aside the report. The defendants seek to confirm the master's report, but except to the amount of the municipal liens fixed by the master. While it was proper for the complainant to except to the master's report, her petition to set it aside for the reason therein expressed cannot prevail. There were no irregularities in the proceedings, and there was no neglect or error—except as to the municipal liens hereinafter stated—on the part of the master to report on the matter referred to him; and since that is the situation, the report should be confirmed, except with a modification of the amount of the tax liens. *Douglas* v. *Merceles, 24 N. J. Eq. 25; Practical Building and Loan Association of City of Newark* v. *Meisol, 101 N. J. Eq. 636; 139 Atl. Rep. 338.*

I am not persuaded that there is merit in the complainant's exceptions; in fact, I am satisfied that there is none. The conduct of the witnesses who appeared before the master, their manner of testifying, their demeanor, the readiness with which they responded to the questions that were presented to them by counsel, were all under the observation of the master and he had full and ample opportunity to estimate the weight and quality of the testimony submitted by them. I had no

such opportunity. My judgment is limited to the cold type of the testimony taken before him. I am compelled to believe that the master was in a far better position to judge and draw inferences from the attitude and manner of testifying of the witnesses than I.

There does not appear to be any fixed rule by which "fair values" shall be determined or established. If the result attained, be it a high or low estimate of value, finds support in competent evidence, and is based upon reason, equity and justice, the court will accept it; but it will not accept the estimates of the master if it feels that the circumstances do not warrant such judgment; it may approve or disapprove the estimates fixed by the expert witnesses; and it may establish what—from all the evidence—it believes to be the fair value. However, in the instant case, the master's report of the fair value should be sustained. The evidence supporting it appears to be competent. The exceptions of the complainant to the master's report will be overruled. *Chasey* v. *Broadway Holding Co., 114 N. J. Eq. 74; 168 Atl. Rep. 221.* In *Peoples Trust, &c., Co.* v. *Genden, 119 N. J. Eq. 249; 132 Atl. Rep. 25,* Vice-Chancellor Lewis said:

"It is now firmly settled that the burden of sustaining exceptions to a master's report is upon the exceptant (*National Bank of Metropolis* v. *Sprague, 23 N. J. Eq. 81; Fish* v. *Harrison, 87 N. J. Eq. 103; 100 Atl. Rep. 185; affirmed, sub nom. Fish* v. *Harrison Milling Co., 89 N. J. Eq. 212; 103 Atl. Rep. 1052*), and that this court will not disturb the master's conclusions upon factual questions submitted to him, unless it clearly and satisfactorily appears that he has erred in reaching them (*Sinnickson* v. *Bruere, 9 N. J. Eq. 659*). and this upon the principle that where he has had the opportunity to see and hear the witnesses, and thus better weigh their testimony, his conclusions will be entitled to great weight and respect, and, where supported by competent credible evidence, will not be set aside; even though there is a conflict of testimony. *Izard* v. *Bodine, Ibid. 309; Clark* v. *Condit, 21 N. J. Eq. 322; Van Ness* v. *Van Ness, 32 N. J. Eq. 669; Haulenbeck* v. *Cronkright, 23 N. J. Eq. 407; affirmed, 25 N. J. Eq. 513; Wilson* v. *Sandall, 92 N. J. Eq.*

*130; 111 Atl. Rep. 322; affirmed, 92 N. J. Eq. 463; 113 Atl. Rep. 927."*

The report indicates that there are encumbrances on the property paramount to the complainant's mortgage, in the sum of $3,980.21 for taxes and interest due the municipality of Bergenfield. The master seems to have arrived at that sum through an official tax search of Bergenfield which was offered, and received, in evidence as of the time of the hearing; but the lien should have been fixed as of the time of the sale by the sheriff. The files in the case contain an affidavit by the complainant executed after the sheriff's sale, and before the hearing, that the municipal lien amounted to $3,577.81. The defendants excepted to the figure of $3,980.21. I shall modify the master's report to the extent of fixing the liens, paramount to the complainant's mortgage, at $3,577.81; otherwise the master's report will be confirmed.