Factory Associates owned a large factory in Newark. On February 1st, 1926, they conveyed one section of the property to complainant's grantor and an adjoining part to defendant's predecessor in title. The two parcels are separated from each other and also from the rest of the factory by party walls. In the building which is now the defendant's, alongside the wall separating it from complainant, are stairs from the basement to the roof, and doorways in the basement and at each floor through the party wall and thence to complainant's part of the factory. The suit is brought to establish complainant's claim to an easement in the stairway for access to its property.
The stairs are a great convenience to complainant, but not a real necessity, since its lands abut the public highway. While Factory Associates owned the whole property, the situation was such, and especially the use of the stairway, that an easement by implication would probably have passed to complainant's predecessors upon the sale to it if there were nothing to the contrary in the deed. Blumberg v. Weiss, 129 N.J. Eq. 34. The matter is one of intention and in order to find the intention, the whole deed may be examined. In addition to the stairway, there was an elevator adjacent to the party wall, with doors into both parts of the factory. There were also drains under the factory leading to the sewer. Factory Associates' deed to complainant's predecessor expressly granted the right to use and maintain the elevator and the drains in common with the grantor and its successors in the title to defendant's part of the property. The express grant of certain easements raises an inference that no other easements were intended to pass by the same deed. 28 C.J.S. 687. More important, the deed contained the following provision:
"It is understood and agreed that there are doorways and windows in portions of said party walls above referred to and that there is no easement created by reason of said doors and windows either for access to and fro, or for light and air."
No grant of an easement will be implied contrary to the provisions of the deed. Georke Co. v. Wadsworth, 73 N.J. *Page 346 Eq. 448. The clause quoted clearly negatives any right on the part of complainant to pass through the doors in the party wall so as to reach the stairs. Without this right, the stairs can be of no benefit to complainant, and therefore no easement in the stairs can be implied. The bill must be dismissed.
Defendant counter-claims to enjoin complainant from continuing to use the stairs and the doors appurtenant to it. There may be an injunction accordingly. Defendant also asks a money judgment for the use complainant has made of defendant's property and for an injunction requiring complainant to remove a room which it uses, located on the roof of the factory and partly on the property of each of the parties. Complainant, however, did not build the room and should not be put to the expense of removing it. Cutrona v. Columbus Theatre, Inc., 107 N.J. Eq. 281. No compensation for complainant's use of defendant's property should be allowed since the defendant apparently acquiesced and under the circumstances, no agreement for payment could be inferred. *Page 347