Maddelena D'Amato et al. *v.* Clarice Weiss et al.

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued October 14—decided November 29, 1954

*Nelson Harris,* for the appellants (plaintiffs).

*Albert W. Cretella, Jr.,* for the appellees (defendants).

INGLIS, C. J. The question in this case is whether there exists as appurtenant to the defendants' property a right of way over an alleyway on the plaintiffs' land. The trial court rendered judgment declaring that there is such an easement and enjoining the plaintiffs from interfering with the enjoyment of it. The plaintiffs have appealed.

From so much of the finding as is not attacked the following facts appear: The defendants' land on the south side of Beach Street in West Haven has a three-story hotel on it. The plaintiffs own the property lying next east, on which stands a three-story dwelling house. Between the two buildings, but entirely on the plaintiffs' property, there is a cement-paved alleyway six feet in width. It extends southerly from Beach Street to the rear of the hotel, where the kitchen is located. Two doors open from the hotel onto this alleyway. One leads from the kitchen down wooden steps and the other from the side of the hotel down concrete steps. The latter door gives access to the lobby and the dining room and to a stairway to the upper stories. There is no means of access to the kitchen except by the doorway first mentioned or through the dining room or lobby or bar.

The hotel, the plaintiffs' dwelling house and the alleyway were constructed in 1917 and 1918 by the then owner of both properties. Ever since that time

they have been in the same structural form as they are now. In 1946 both properties were owned by Mary E. Villano, and on June 24 of that year she conveyed the hotel property to the defendants' predecessor in title. In the deed the eastern boundary is described as running along the face of the east wall of the hotel, thus leaving the alleyway entirely on the property retained by the grantor. There was no express mention in the deed of any right of way over the alley. The only easements expressly granted were "the right to continue to have the steps, now a part of the building at #392 Beach Street [the property conveyed], rest on land of said Grantor to the East, also the right to continue to have the ventilator and eaves on the east side of said building overhang the premises of said grantor to the east, all such rights to continue so long as the building at #392 Beach Street continues to exist in its present condition. Also the right is hereby granted, but only in the event that fire regulations of the Town of West Haven so require, to have a fire escape on said building #392 Beach Street overhang the premises of said grantor to the East. Together with all water rights, wharf rights, riparian rights and privileges connected with and appurtenant to the above premises."

On September 27, 1947, Mary E. Villano conveyed the remainder of her property, upon which the alley and the dwelling house were located, to predecessors in title of the plaintiffs. On June 4, 1951, the plaintiffs obstructed the defendants' use of the alley by erecting a wire fence across it at the entrance from Beach Street. Shortly thereafter, the plaintiffs started this action to enjoin the use of the alley as a passway by the defendants.

The trial court also found that from the time both

buildings were built until June 4, 1951, the alley had been used by tradespeople for the delivery of food-stuffs from Beach Street to the hotel kitchen, by hotel employees and others for the taking of garbage and waste from the kitchen to the street, and by guests and invitees of the hotel as a means of ingress and egress. The plaintiffs claim that there was no evidence to support these findings. It is true that it does not appear from the printed evidence that there was any express testimony that such uses had been made of the alley. The court, however, was justified in drawing an inference from the general layout that the two entrances from the alley into the hotel had been used by those who had occasion to go into the hotel proper or into the kitchen. The finding in this particular must stand.

The court concluded that the use of the alley from Beach Street to the doorways on the east side of the hotel for ingress to the upper floors of the building and to the kitchen is highly convenient and beneficial to the use and enjoyment of the defendants' building, that when both properties were in a common owner prior to June 24, 1946, there was a permanent, obvious and continuous servitude imposed upon the alley for the benefit of the hotel, and that upon the severance of title which occurred on that day there was by implication a grant to the defendants' predecessor in title of the right to continue to use the alley for as long as the defendants' building is used as a hotel.

The law with reference to implied grants of easements arising out of the severance of title of two adjoining properties is set forth in *Rischall* v. *Bauchmann*, 132 Conn. 637, 642, 46 A.2d 898. In that case, and in *Slachter* v. *Olderman*, 116 Conn. 156, 158, 164 A. 202, we approved the rule as stated in *John Han-*

*cock Mutual Life Ins. Co.* v. *Patterson,* 103 Ind. 582, 586, 2 N.E. 188: "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted or reserved, as the case may be, in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made." In *Rischall* v. *Bauchmann,* supra, 643, we went on to say: "While the necessity involved in the *Slachter* case [supra] may be characterized as more urgent than here, there is ample authority that in so far as necessity is significant it is sufficient if the easement is 'highly convenient and beneficial' for the enjoyment of the portion granted. 1 Thompson [Real Property (Perm. Ed.)] § 339. . . . The reason that absolute necessity is not essential is because fundamentally such a grant by implication 'depends on the intention of the parties as shown by the instrument and the situation with reference to the instrument, and it is not strictly the necessity for a right of way that creates it.' 2 Thompson, op. cit., p. 84. . . ."

When this principle of law is applied to the facts found in the present case, it is clear that the court was correct in concluding that the conveyance from Mary E. Villano to the defendants' predecessor in title carried with it an implied right of way over the

alley except for one possible question. That question arises from the principle stated at the end of the passage just quoted—that in the last analysis the creation of such an easement depends on the intention of the parties as shown by the deed and the situation with reference to it. In all cases of this character, the conception underlying the creation of an easement by implication is that the parties are presumed to have intended the grant of an easement. *Robinson* v. *Clapp*, 65 Conn. 365, 387, 32 A. 939. This presumption, however, is one of fact, and whether a grant is to be implied in any given case depends upon the intent of the parties as ascertained from the terms of the deed and the facts of the case. *Rischall* v. *Bauchmann*, supra, 644.

The plaintiffs' main contention on this appeal is that the court could not logically find that it was the intention of the parties to the deed which conveyed the hotel property to the defendants' predecessor in title to create a right of way by implication because that deed contained express grants of easements with relation to the strip of land over which the court implied a grant of a right of way. It is true that the express grant of one or more easements in a deed may negate an intent to grant another easement of a similar character by implication. *Marzo* v. *Seven Corners Realty, Inc.*, 171 F.2d 144; *Joyce* v. *Devaney*, 322 Mass. 544, 549, 78 N.E.2d 641; *Karason Co.* v. *Anglo-American Leather Co.*, 136 N.J. Eq. 344, 345, 41 A.2d 895; *Raleigh Savings Bank & Trust Co.* v. *Vass*, 184 N.C. 295, 301, 114 S.E. 309. It does not, however, necessarily do so. *Myers* v. *Dunn*, 49 Conn. 71, 78. The question is always what the intention of the parties was, as it can be gleaned from the deed in the light of the attendant circumstances.

It is to be noted that none of the easements ex-

pressly granted in the deed imposed any restriction on the use of the alleyway for passage. They consisted of rights to continue to have portions of the hotel structure overhang the land retained by the grantor. Indeed, the express grant of the right to maintain the steps, particularly those leading to the kitchen of the hotel, is indicative of an intent that in connection with those steps there was to be a right of passage over the alleyway. The trial court was warranted in concluding that a right of way over the alleyway had been granted by implication.

There is no error.

In this opinion the other judges concurred.