[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Michael Violano is the owner of property in New Haven which is known as 239 Concord Street. This property is bounded on the south by Nelson Street and on the west by Concord Street. The plaintiff operates a family grocery store at this property. The defendants own the property located adjacent and directly to the north of the plaintiff's property. This property is known as 245 Concord Street and contains a single-family home occupied by the defendant, Nicholas Frosolone.
The dispute between the parties arises as a result of the defendants' use of a fenced area which is located within the boundaries of the plaintiff's property, but is fenced off for the defendants' use. One portion of the fence extends from the northwest corner of the plaintiff's store out to the sidewalk along Concord Street. This part of the fence contains a gate which is used by the defendants for access to their home. The defendants' house does not face Concord Street; instead, it faces toward the south, so that the main entrance to the defendants' house faces the northerly side of the plaintiff's store. There are five concrete steps from the defendants' front door down to grade level and a bituminous walk extends from the bottom of the steps westerly to the gate in the fence. Most of this walkway and most of the fence, including the gate, are located on the plaintiff's property.
The plaintiff brought this action seeking a permanent injunction restraining the defendants from "continuing to block, obstruct and interfere with plaintiff's full use of the boundaries of his premises; and from in any manner interfering CT Page 5556 with or attempting to prevent the plaintiff from all lawful use of his entire property." The defendants claim to have acquired the right to use the fenced-off area through an easement by implication. They filed a counterclaim seeking a permanent injunction restraining the plaintiff from "removing and/or moving the fence so as to interfere" with the defendants' full use of their property.
An easement by implication typically arises when land in common ownership is divided and at the time of conveyance a permanent servitude exists which is reasonably necessary for the fair enjoyment of one of the properties. Kenny v. Dwyer,16 Conn. App. 58, 64 (1988). An easement by implication is found because the parties are presumed to have intended the grant of an easement. D'Amato v. Weiss, 141 Conn. 713, 718 (1954). The two primary factors to be examined in determining whether an easement by implication has arisen are the intention of the parties and whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate. Kenny v. Dwyer, supra at 64. Implied easements are not favored in Connecticut. Id. at 65. In order to promote reliance on the land records, easements by implication are allowed to a much more limited extent in Connecticut than in many other states. Gager v. Carlson,146 Conn. 288, 293 (1959).
In 1972 Pasquale Carasone acquired the property at the corner of Concord Street and Nelson Street, consisting of the store and adjacent vacant land. In 1973 he subdivided the property and created a building lot on which he constructed a single-family home for himself and his family. The house parcel became known as 245 Concord Street and is the same property presently owned by the defendants. It was Carasone who constructed the fence, also in 1973. Several years later, in 1979, he sold 245 Concord to the defendant Nicholas Frosolone. At the time of conveyance, the fence existed in the same configuration as it exists today. In explaining the reason for putting up the fence, Carasone testified that it was his understanding that the house was directly on the property line. He was concerned about that because he contemplated a possible sale of the grocery store.
A survey admitted as an exhibit during the trial shows that Carasone was mistaken in his belief that the house was directly on the property line. The survey shows that the house and the front steps are well within the property line for 245 Concord CT Page 5557 Street. In fact, even a portion of the bituminous walk at the bottom of the steps, measured by scale to be approximately four feet, is within the property line of 245 Concord Street.
Plaintiff's surveyor testified at trial that the walkway from the front door of 245 Concord to the street could be relocated so that it would be entirely within the boundaries of 245 Concord Street. He acknowledged that it might be "a little tight," but that it could be done. The defendant himself admitted during his testimony that it would be possible to relocate the walk so it goes directly from his door to the street, all within the boundaries of 245 Concord.
The Court cannot find that an easement across the fenced area on 239 Concord Street is reasonably necessary for the use and enjoyment of 245 Concord Street. The defendant admitted that the walkway, the principal purpose of the fencing, can be relocated within the boundaries of 245 Concord. Moreover, it must be noted that the front door is only one of two doors to 245 Concord and further that the defendants' walk occupies only a small portion of the entire fenced area. Defendants made no claim of necessity with respect to the remaining portion of the fenced area, which is significant in size.
Judgment is entered for the plaintiff on the counterclaim, the defendants having failed to sustain their burden of proof with respect to an easement by implication. Judgment is entered for the plaintiff on the complaint, with costs, and the court enters judgment for a permanent injunction as follows: the defendants are hereby restrained from continuing to block, obstruct, and interfere with plaintiff's full use of the boundaries of his premises and from in any manner interfering with or attempting to prevent plaintiff from all lawful use of his entire property at 239 Concord Street, New Haven, Connecticut.
Christine S. Vertefeuille, Judge CT Page 5558