[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
In this case the plaintiffs seek a declaratory judgment CT Page 5257-K establishing an easement over land owned by the defendants in favor of adjoining land owned by the plaintiffs, as well as an injunction enjoining the defendants from interfering with the use of that easement.
In Connecticut, an easement may exist only by virtue of: 1) an express grant; or, 2) prescriptive or adverse use; or, 3) implication or necessity. The plaintiffs claim to have proven an easement by implication or necessity. In Tulmadge v. Bilides, No. 289247 (Conn.Super., New Haven, 1991), Judge Schaller, citingD'Amato v. Weiss, 141 Conn. 713 (1954), stated, in clear, modern language, the elements of such an easement, as follows:
 The Connecticut courts have recognized the creation of easements by implication or necessity, in the absence of an express grant or prescriptive rights. The requirements of such an easement are as follows:
(a) unity of title between two parcels of land;
(b) during the unity of title, an apparently CT Page 5257-L permanent and obvious servitude is imposed on one part of the land in favor of another;
 (c) the servitude is in use at the time of the severance ownership of the parcel; and
 (d) the continued use of the servitude is reasonable necessary for the fair enjoyment of the parcel which receives the benefit of the use.
FINDINGS
The court, having heard the parties and having viewed the parcels of land which are the subject of this case, finds the following facts:
 All persons having an interest in the subject matter of the amended complaint are parties to this case;
 The plaintiffs own a parcel of land (the "plaintiffs' land") located immediately north of Station Road in CT Page 5257-M Scotland, Connecticut;
 The defendants own a parcel of land (the "defendants' land") located immediately north of Station Road and immediately east of the plaintiffs' land;
 At some time in 1842, the plaintiffs' land and the defendants' land were owned by the same person who, at some time that year, conveyed the defendants' land to another person;
 The plaintiffs' land contains approximately 27 acres, has never been improved and has served as a wood lot from which timber and firewood have been cut as well as a place for hunting, fishing and camping;
 The portion of the plaintiffs' land which abuts Station Road rises sharply to the north, so that direct access from Station Road to the plaintiffs' land has been impractical;
From 1842 to 1986, access to the southwest portion of CT Page 5257-N the plaintiffs' land was had by an unpaved dirt "wood road" or "cart path" (the "southwest path") which begins at Station Road and runs northeasterly across the defendants' land to the plaintiffs' land'
 The cost of constructing a road providing direct access from Station Road to the plaintiffs' land would greatly exceed the value of the plaintiffs' land;
 From 1842 to 1986, access to the northeast portion of the plaintiffs' land was had by means of a "wood road" or "cart path" known as Mountain Road;
 Owners of the plaintiffs' land used the southwest path to gain access to the southwest portion of the plaintiffs' land from before 1842 until the defendants interfered with such use in approximately 1990.[1]
DISCUSSION
 Declaratory Judgment
CT Page 5257-O
From the findings which have been made, it is held that:
 a) Unity of title between the plaintiffs' land and the defendants' land existed at some time in 1842;
 b) While title to both properties was in the same hands, the holder of those titles gained access to what is now the southwest portion of the plaintiffs' land by means of the southwest path;
 c) Access to the southwest portion of the plaintiffs' land by its owners continued by means of the southwest path at the time unity of title to the plaintiffs' land and the defendants' land was broken, and thereafter; and,
 d) Access to the southwest portion of the plaintiffs' land by means of the southwest path is reasonably necessary for the enjoyment of the southwest portion of the plaintiffs' land.
Because the elements of an easement by implication or necessity over the southwest portion have been established, the CT Page 5257-P issues regarding declaratory relief are found for the plaintiff and a declaratory judgment will be issued by the court.
Injunctive Relief
Because an easement by implication or necessity over the southwest path has been found, and because the defendants have interfered with the plaintiffs' use of that easement, the issues regarding equitable relief are found for the plaintiffs, and an injunction will be issued by the court.
CONCLUSION
Because it has been found that the southwest path has been used, and is necessary, only to allow access to the southwest portion of the plaintiffs' land, relief will be granted only to declare and protect the plaintiffs' right to use the southwest path for access to the southwest portion of the plaintiffs' land.
Counsel for the plaintiffs is directed to prepare a proposed form of declaratory judgment and injunction to implement this CT Page 5257-Q decision, to submit that proposed form to counsel for the defendants for review and comment and then to submit that proposed form, with any modifications agreed upon by the parties, or with any objections thereto of counsel for the defendants, to the undersigned.
Levine, J.