National Bank of the Metropolis v. Sprague.

---

THE NATIONAL BANK OF THE METROPOLIS *vs.* SPRAGUE
and others.

1. The only matter that can be considered upon exceptions to a master's report, is the validity of the exceptions. The question whether there should have been a reference having been considered and determined when the order was made, cannot be reviewed on the argument on the exceptions.

2. The rule of the court is, that the report of a master on matters referred to him, will be taken as correct, until some error is shown. The burden of this is upon the exceptant.

3. The fact that a report contains surplusage will not set aside the other part of the report or sustain an exception. But where the master has ascertained and reported upon matters which are in themselves mere surplusage, as a means of arriving at the conclusions which he was required to report, as such they are proper to be stated in his report.

---

On exceptions to the report of the master.

*Mr. Williamson,* for exceptions.

*Mr. J. B. Vredenburgh,* for W. Stokes.

National Bank of the Metropolis *v.* Sprague.

THE CHANCELLOR.

By consent, the proceedings in several suits were in a manner consolidated, and the chattels included in several chattel mortgages were sold by a receiver under an order of the court before the final decree. One chattel mortgage was held by Klous and Hilbourn, one by Allen and Mitchell as trustees, and one by Woolman Stokes. These chattels were sold by the receiver in bulk. An order was made referring it to a master to ascertain and report what chattels, included in the mortgage to Stokes, were not included in the mortgage to Klous and Hilbourn, and also which of them were not included in the mortgage to Allen and Mitchell; also, to ascertain the value of such chattels and the amount that they brought at the sale; and also to report the amount due to Stokes on his mortgage. The master has reported on each point. To this report Klous and Hilbourn filed exceptions.

The only matter that can be considered here is the validity of these exceptions. The question whether there should have been a reference, so fully argued now, was considered and decided when the order was made, and cannot be reviewed on this argument.

The rule of the court is, that the report of a master on matters referred to him, will be taken as correct, until some error is shown. The burden of this is upon the exceptant.

The first exception is, that certain chattels reported by the master not to be included in the Klous mortgage, were, in fact, included in it. The charge includes four items, *viz.:* one hundred cots, three hundred pillow cases, four hundred and seventy-three cotton sheets, and all the crockery and glassware for the house. The evidence shows that one hundred cots were included in each mortgage. They may or may not have been the same; they may have been entirely distinct. The receiver may have sold two hundred cots. I am not able to determine this, as the inventory of the receiver, which was before the master, was not produced on the argument. The report may be right, for aught that appears, and therefore the exception cannot be sustained as to this. The same result

must follow for the same reason, as to the three hundred pillow cases, and four hundred and seventy-three cotton sheets. The crockery and glassware for the house in Stokes' mortgage would, by the general nature of the words, include the seven hundred plates and six hundred dishes in the mortgage to Stokes. But these plates and dishes might have been broken or removed before the mortgage to Stokes, in the year 1866. The master may be authorized in so determining by some evidence before him. I am much inclined to think that this part of the master's report may be wrong, but I cannot hold it is wrong, and the amount concerned is too small to authorize setting aside a report from seeming probability.

The second exception is, that the master has reported the value of articles reserved by the receiver and articles not sold by the receiver, when that was not referred to him. Such report would be simply surplusage and would be disregarded; but the fact that a report contains surplusage will not set aside the other part of the report or sustain an exception. But in this case the master has ascertained and reported upon these matters as a means of arriving at the conclusions which he was required to report, and as such they are proper to be stated in his report.

The third exception to the report is the statement that the value of the chattels in the Stokes mortgage not in the Klous mortgage, and not sold at the receiver's sale, was only $8390.-54, when they were worth much more. The language, both of the report and the exception, are a little confused and difficult to understand. But I take it to mean the value of such goods as were exclusively in the Stokes mortgage, which were neither reserved by the receiver nor sold by him; or, in other words, such of the goods as were missing. The exception varies materially from the report, but passing over the variance, I see nothing in the evidence to sustain it in point of fact.

The fourth exception, also, is not sustained in fact.