This matter is before the court on exceptions to the report of a special master, to whom reference was made to determine which of two of the defendants, namely, Irving Greenlaw and Electric Specialty Co., Inc., was entitled to a fund deposited in court by complainant. Complainant contracted with defendant Otto for certain improvements on her house, including among other things, an oil burner installation. Otto was paid for his work, except for the oil burner, and it is concerning the value of the oil burner that the present controversy arose. According to the findings of the special master, Otto made a contract with Greenlaw for the furnishing and installation of the oil burner. Otto was apparently financially embarrassed at the time and Greenlaw undertook to supply *Page 31 
and install the burner only on condition that he would receive the cash therefor from Otto on delivery and prior to installation. When Greenlaw arrived at the premises with the burner, Otto failed to pay him therefor and Greenlaw thereupon refused to go ahead on his contract. The special master found as a fact that Otto abandoned his contract with complainant.
The testimony is conflicting as to just what took place between complainant and Greenlaw. It is Greenlaw's contention, according to the master's report, that complainant promised not to give Otto any more money until she paid him (Greenlaw). The master found that while complainant denies that she agreed to pay him, she did accept delivery of the burner and permitted Greenlaw to perform the work of installing the same; and therefore received the benefit of the work so that she became liable to him for an implied assumpsit for the reasonable value thereof, which is approximately the amount of money which would have been due to Otto upon completion of his contract. Defendant Electric Specialty Co., Inc., claims only as assignee of the rights of Otto under his contract, the assignment having been made after the installation by Greenlaw.
Both Greenlaw and Electric Specialty Co., Inc., brought separate actions at law against complainant. She thereupon brought the present suit for determination of the rights of the respective parties, and deposited the sum of $307.18, the balance which would have been due to Otto on completion in this court.
The master found that Electric Specialty Co., Inc., was not entitled to the money but that Greenlaw was. In the memorandum filed with his report the master recommended that the sum on deposit be paid to Greenlaw, together with fees paid by him for bringing the action in the law court together with the master's fees herein and the cost of defendant Greenlaw in this suit and that upon such payment both the actions at law brought by Greenlaw and Electric Specialty Co., Inc., be perpetually enjoined. Exceptions were filed to the report by Electric Specialty Co., Inc., which amounts in substance to a claim that the finding in favor of Greenlaw *Page 32 
should have been in favor of Electric Specialty Co., Inc. Complainant filed an exception to the recommendation as to costs.
It is contended on behalf of Electric Specialty Co., Inc., that there was no abandonment by Otto of the contract; that all the work called for by his contract was performed by him and that therefore the assignment to electric company is valid. It is further contended that any rights Greenlaw may have are by virtue of an express independent promise by complainant to pay him and that therefore there can be no right to interplead the defense. These contentions are not supported by the finding of the special master. He found that in fact Otto abandoned his contract and therefore became entitled to no further payment so that the assignment had no effect.
It is apparent that complainant acted in good faith and was taken into the law courts in two actions which might have resulted in her being compelled to pay twice for the oil burner. Under these circumstances she had a right to bring this suit.Camden Safe Deposit and Trust Co. v. Barbour, 117 N.J. Eq. 401.
There the court says:
"The complainant bank has no interest in the outcome of the litigation, save to pay its debt to the person entitled thereto. There is no reason why it should be vexed by various suits instituted against it, nor is there any reason why it should take the hazard of determining to who it owes its debt."
It is further contended that the bill should be dismissed on the ground of collusion because complainant and her solicitor participated in the hearing before the special master. The master, in his memorandum, stated that in his opinion there was no collusion; and I cannot find as a matter of law that mere participation in the trial constituted collusion in the absence of any evidence of bad faith or partiality between the rival claimants, particularly as it would appear that complainant and counsel were requested to be present at the instance of the master.
The finding of the master as to the questions of fact involved will not be disturbed in the absence of a showing that there was no justification for these findings. The burden *Page 33 
of showing error in his findings is upon the exceptant and this burden has not been met. National Bank of the Metropolis v.Sprague, 23 N.J. Eq. 81; Fish v. Harrison, 87 N.J. Eq. 103.
In my opinion the master is in error, however, in recommending that complainant be required to pay to Greenlaw his expenses in his action at law, together with the expenses of the reference and costs to Greenlaw in this suit. It appears that complainant has acted in good faith and deposited the amount of her liability in this suit for determination as to who should be rightfully entitled to it, after she was beset by two actions at law for the same obligation. Under these circumstances, I think her liability should be limited to the amount deposited in court and the expenses of the reference and costs of defendant Greenlaw should be paid from this fund. With this modification the report of the special master will be confirmed, and a decree advised accordingly, directing payment to Greenlaw of the fund in court and restraining both actions at law.